Steuben County.—Hon. GEORGE T. SPENCER, Surrogate.—
October, 1874.

## Cornwell *v.* Deck.

*In the matter of the accounting of* Lucilla Cornwell, *administratrix of the goods, &c., of* Abiah Cornwell, *deceased.*

An administrator cannot be allowed a payment of interest on a mortgage of real property, made by the decedent, without proof that the premises did not descend to the heir, &c.

Premiums paid for insurance effected by an administrator, on personal assets, may be allowed to the administrator.

Premiums on such insurance of real property cannot be allowed, unless the insurance was effected under the belief that the estate was insolvent.

Expenditures for repairs to real property, and taxes levied subsequent to
the decedent's death, and exclusively for the benefit of the real
property, cannot be allowed.

The expense of a tomb-stone, if not excessive, must be allowed in full,
although the estate be insolvent.*

Where the decedent was a merchant, and left a stock of goods in the re-
tail store carried on by him,—*held*, that it was a fair exercise of discre-
tion, by the administratrix, to employ a clerk to continue the sale at
retail, instead of making a forced sale; and there being no proof of
loss to the estate, the wages of the clerk must be allowed.

On the accounting of an administratrix she cannot be allowed for the
articles which she might, as widow, have claimed to be exempt by law
in her favor, on making the inventory, if they were not so allowed;
especially where there is evidence tending to show that she had pos-
session of assets not inventoried.

If the claim of exemption at the proper time, was omitted, through igno-
rance or mistake, the remedy is a special application to correct it, on
notice to the creditors and next of kin.

This proceeding was for the final settlement of the
accounts of Lucilla Cornwell, Administratrix of the
goods, &c., of Abiah Cornwell, deceased.

The intestate was a merchant, at Woodhull, in this
county, and at his decease, on the 28th March, 1872,
left a stock of goods, accounts, and notes, employed in
and growing out of his business, with a few other arti-
cles of personal property. His widow was appointed
administratrix soon after his death, and filed an inven-
tory on the 10th day of May, 1872, amounting nomi-
nally to over $4,000, but which the appraisers certified
would not realize more than $3,132.08. In arriving at
this latter sum, they appeared to have stated the value
of the goods at cost, and the debts at their nominal
amount, estimating a deduction for bad debts, and a
depreciation on the goods.

The decedent had been doing a retail trade, a good
deal on credit. The administratrix, the widow, employ-

*Compare *Patterson* v. *Patterson* (59 N. Y. 574), affirming in part,
(1 *Hun.* 323): *Hewett* v. *Bronson* (5 *Daly*, 1).

ed her son as clerk, at $20 per month, and board, for a year, to continue sales; and she then sold out the balance of the stock at auction.

The administratrix now filed her account, and asked for a final settlement. The account showed the total amount realized $3,370, not including goods used by the family of intestate after his death, estimated at $150, and which, added to the above sum, made the aggregate of the estate $3,520.30.

W. W. WRIGHT, *for the administratrix.*

J. W. DININNY, for MARIETTA *and* BALDWIN CORNWELL, *contesting claims of* DECK & WOODBURY, *creditors.*

G. H. McMASTER *and* E. D. MILLS, *for the contestants, other creditors.*

THE SURROGATE—The sum charged for expenses of administratrix is $843.93. There is a mistake, made by including Wright's account at $139; it is, in fact, only $111.04. $27.96 having been paid and deducted in his account as rendered, though it is charged in account of administratrix at the full amount of $139. Included in this sum are charges for interest paid on mortgage, $35; insurance on property, $54,63; tomb-stones, $100; expenses on building, $23.33; taxes, $9.27; services of clerk, $240; all which are contested.

The exception to the item for interest on mortgage is well taken. The statute requires the heir to satisfy the mortgage of his ancestor without resort to the administrator. No proof is made that the mortgaged premises did not descend to the heir. (1 *Statutes at Large,* 749.) This charge is disallowed.

It was competent for the administratrix to insure the real as well as personal property at the expense of the estate, if she apprehended the estate was insolvent. (*Herkimer* v. *Rice,* 27 *N. Y.,* 163). But she understood the estate to be solvent, and effected the insurance in the

name of the heirs of intestate.   So far as the buildings
were concerned, it is doubtful if she were justified in
charging the estate for insurance ; as to the personal
property, however, it is probable that in case of a loss
the insurance would be held to belong to the estate, not-
withstanding it was insured in the name of the heirs,
upon proof of the fact that the premium was paid by the
administratrix, and the situation and circumstances of
the estate.   (*Herkimer* v. *Rice, supra ; Lee* v. *Adsit,*
37 *N. Y.,* 78 ; *Clinton* v. *Hope Ins. Co.,* 51 *Barb.,* 653.)
The premium on the insurance of personal property, in-
ventoried as belonging to the estate, to wit, the mer-
chandise and horse, amounting to $32.37½, must be
allowed, and the balance of the charge rejected.

The charge for shingles, $3.50, for barn on the
premises ; nails and door hangings, $7.83 ; work on
barn, $12 ; taxes, $9.09 ; school tax, $0.18, levied sub-
sequent to the death of intestate, all being exclusively
for the benefit of the real estate, so far as appears, are
disallowed.

It is claimed on the part of the contestants, that
the estate being insolvent, no charge can be allowed
for a tomb-stone.   There is an intimation to that effect
in *Wood* v. *Vanderburg* (6 *Paige.* 277,) but there was
nothing in the case calling for a decision on the point.
In Connecticut it has been held that tomb-stones are
properly a part of the funeral expenses. (*Fairman's
Appeal,* 30 *Conn.,* 205.)   This is now more generally
regarded as the rule, (3 *Redfield on Wills,* 246), and
it would seem to be sanctioned in this state.   (*Ferrin* v.
*Myrick,* 41 *N. Y.,* 315, 325.)   As there is no proof
that the charge if in itself proper, is excessive, it must be
allowed in full.

The charge of $240, for the services of a clerk, in
selling the goods and collecting the accounts, I think

should be allowed. The goods constituted the stock of a country store, and it was a fair exercise of discretion on the part of the administratrix to determine whether the interests of the estate and the creditors would not be best promoted by continuing the sale of the goods at retail, instead of disposing of them at auction by a forced sale. There is no proof that this course was not judicious, or that it has resulted in loss to the estate. Though the same clerk also performed the duty of collecting the debts, it does not appear that the expenses of collection were enhanced thereby. (3 *Redfield on Wills*, 416.)

[ The learned Surrogate then discussed, and disallowed the administratrix's claim to be credited with money stolen, on which point his decision was affirmed upon the same view of the law, in 8 *Hun*, 122.]

It appears from the inventory that the appraisers did not set off and allow to the administratrix, as the widow of intestate, the $150 to which she was entitled by law, and she now claims the exemption. Neither were the specific articles exempt from appraisal by the Revised Statutes enumerated in the inventory. It appears, however, by the memorandum of the insurance given in evidence, that the same covers household furniture and clothing to the amount of $500. As this household furniture, by being insured in the name of the heirs of intestate, apparently belonged to the estate, and is not accounted for, I am unable to say that the widow is entitled to the exemption out of the proceeds of other property. Nor do I think it can be claimed for the first time on a final accounting. If, however, the omission to allow the exemption was in consequence of ignorance of her rights, or other excusable cause, she may, perhaps, now, upon a proper application, have an order to show cause, directed to

the creditors and next of kin, why the exemption should not be allowed.

[Remarks disposing of minor questions, involving no point of general interest, are here omitted.]

Ordered accordingly.