OF

# ILLINOIS.

36 171
124 281
36 171
51a 540
36 171
100a 3147

## FIRST GRAND DIVISION.

### NOVEMBER TERM, 1864.

---

### NATHAN P. CHAMBERS

#### v.

### JAMES ROWE.

1. CHANCERY — *when answer in, under oath, and no replication, nothing but matters of record can be heard against it.* In the absence of a replication to an answer in chancery put in under oath, nothing can be heard against the answer but matters of record.

2. SAME — *practice in.* It is the uniform practice in this State, to set a cause for hearing, on bill, answer and depositions, in all cases where the oath to the answer is waived, although no replication is filed.

3. SAME — *what is pleading in.* The answer, not under oath, is mere pleading, and only serves to make up an issue.

The dictum in *Trout* v. *Emmons*, 29 Ill. 437, was unadvised, and does not state the true rule in chancery proceedings.

4. SAME — *oral testimony in.* Oral testimony can be received, under the statute, in all chancery causes.

5. SAME — *part performance on contract for sale of land.* Putting a purchaser in possession of land sold to him by parol, receiving payment of part of the stipulated price, and the purchaser entering upon the land, and despoiling it of its most valuable timber, makes a case for a court of equity to compel him to pay the balance of the purchase-money, and perform his contract fully, especially when the statute of frauds and perjuries is not pleaded.

WRIT OF ERROR to the Circuit Court of Perry county; the Hon. J. H. MULKEY, Judge, presiding.

This was a suit in chancery instituted in the court below by James Rowe against Nathan P. Chambers, to compel the specific performance of a contract for the sale of land.

The case is sufficiently stated in the opinion of the court.

Messrs. NELSON & SANDERS, for the Plaintiff in Error.

Mr. H. K. S. O'MELVENY, for the Defendant in Error.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was a bill in chancery for the specific performance of a contract for the sale of land, and was heard by the court on the bill, answer and depositions, no replication having been filed. The court decreed in favor of the complainant. The defendant brings the case here by writ of error, and assigns for error, 1, the decree; 2, not setting the cause down for hearing on the bill and answer; and 3, in setting it down for hearing upon the bill, answer, exhibits and depositions, and in receiving oral testimony on the hearing.

As to the last errors assigned, they will be considered together. They must be tested by the statute regulating the practice in courts of chancery. By section 32, chapter 21, after replication filed, the cause is deemed at issue, and stands for hearing at the next term, or, in default of filing such replication, may be set for hearing upon the bill and answer; in which case the answer is taken as true, and no evidence is received unless it be matter of record to which the answer refers. Scates' Comp. 142. The idea entertained by the plaintiff's counsel seems to be, that in no case can a cause in chancery be set for hearing, in default of a replication, except upon the bill and answer, although depositions may have been taken in the cause, and the parties are proceeding as if the cause was at issue by replication to the answer.

Section 32 has reference, we think, to a cause in which the

answer is put in under oath. In such case, in the absence of a replication, nothing can be heard against the answer but matters of record. The uniform practice of the courts in this State has been, to set a cause for hearing on bill, answer and depositions, though no replication has been filed, in which the defendant's oath is not desired, or where it is waived, as in this case, by the complainant. In such cases, the answer is not, for any purpose, evidence in the cause, but performs the office of pleading merely. It proves nothing which it alleges, and the only purpose which it serves, is, to assist in making up the issues. *Willis et al.* v. *Henderson*, 4 Scam. 20. Now, as in a suit at law, parties can, if they please, go to trial without a replication to a plea, and the case fully heard on the evidence, so in chancery the practice has obtained, in all cases where the oath of the defendant is waived, to set the cause down for hearing on the bill, answer, exhibits and depositions, and the admission of oral testimony under the statute. *Webb* v. *Alton Marine and Fire Ins. Co.*, 5 Gilm. 225 ; *Jameson* v. *Conway*, ib. 230. The answer not being on oath, amounts to no more than an ordinary plea in a suit at law, against which the complainant is at liberty to prove his case as in a suit at law. And such is the statute. Section 21 of the chancery act provides, in cases where the answer is made without oath, that it shall have no other or greater force as evidence, than the bill. Scates' Comp. 141.

This court, in the case of *Trout* v. *Emmons*, 29 Ill. 437, inadvertently intimated that where the answer was under oath, it might be overcome by the testimony of two witnesses, though no replication was filed. This was unadvisedly said, as the rule is differently settled. It is very clear, where the answer is not under oath, it is to be treated as pleading only, and without a replication the cause can be fully heard, when set down for hearing, on the bill, answer, exhibits and depositions, and oral testimony heard in court, such answer having no more force as evidence, than the bill.

Upon the merits of the case, we do not see how the court, under the evidence, could have rendered any different decree.

The contract was substantially proved — the plaintiff in error was put in possession of the land — paid a part of the price in lumber — exercised repeated acts of ownership over it — stripped it of much of the timber growing upon it, and cannot, with justice, be permitted now to repudiate the contract. *Hawkins* v. *Hunt*, 14 Ill. 43.

He has had the full benefit of the land, and as he has not interposed the statute of frauds and perjuries, by plea or answer, the contract must be enforced against him. *Esmay* v. *Gorton et al.* 18 Ill. 483. The decree is affirmed.

*Decree affirmed.*