## MATTHEW PATTON

### *v.*

## LEANDER GATES.

1. MARRIED WOMAN—*when her property liable for husband's debts.* If
a married woman advances her separate property or money, and places it
in the hands of her husband for the purpose of his carrying on any gen-
eral business, and he obtains credit on the faith of being the owner of the

same, the entire capital so embarked in the enterprise, with the increase, will not constitute the separate property of the wife as to creditors, but will be liable for the husband's debts.

2. GARNISHMENT—*note overdue made payable to wife to defraud creditors.* Where a husband traded a manufacturing establishment and the machinery, belonging to himself and partner, for a tract of land, taking the conveyance to his wife to defraud creditors, and afterwards sold the same and took a note for the unpaid price, to his wife, which remained in her hands until after its maturity, and until the maker was garnisheed by a creditor of the firm of which the husband had been a member: *Held,* that, as there were no rights of innocent assignees involved, the amount due on the note was subject to the garnishment.

APPEAL from the Circuit Court of Sangamon county; the Hon. JOHN A. McCLERNAND, Judge, presiding.

This was a proceeding by garnishment, instituted by Matthew Patton against Leander Gates. The facts of the case are stated in the opinion of the court, except that the proof showed the note given by Gates was overdue and still in the hands of the wife of Kirkpatrick, the debtor, at the time of the trial.

Messrs. MORRISON & PATTON, for the appellant.

Messrs. ROBINSON, KNAPP & SHUTT, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

At the September term, 1871, of the Sangamon circuit court, appellant obtained a judgment against Walter Kirkpatrick and Robert N. Allen, who were partners, for the sum of $380.21 and costs; an execution was issued, and was returned no property found. An affidavit was filed by appellant, stating the facts, and alleging that appellee was indebted to Kirkpatrick.

Interrogatories were filed, to which appellee answered that he had purchased of the wife of Kirkpatrick eighty acres of land, and had paid her part in money and property, and had given to her his note for the sum of $300, with ten per cent

interest, and that the note was not paid.   The case was tried by the court, a jury being dispensed with by consent of the parties, and the garnishee was discharged.

It appears, from the evidence, that Allen and Kirkpatrick entered into partnership in manufacturing and repairing of farming implements.   They purchased a lot, built a house, purchased and put up machinery, and procured material for carrying on the business.   After a time, becoming involved, Kirkpatrick exchanged the manufactory and machinery with Utt for the eighty acres of land, took charge of the personal property, and agreed with Allen to pay the firm debts.   On these facts the parties seem to be entirely agreed.   But the defense is set up that the money Kirkpatrick put into the firm was furnished him by his wife, and he swears it was, and the land was conveyed to her by Utt to secure her in its payment.

Allen, on the contrary, testifies that, at the time it was furnished, and until this difficulty arose, Kirkpatrick never claimed that he obtained the money from his wife, and that he collected a large portion of it from Dr. Du Hadway on a note payable to Kirkpatrick, and that he said to witness that he had the conveyance made to his wife to prevent the creditors from selling it for less than it was worth. He also made the same statement to appellant.

We regard the finding against the evidence in this case. The money was in the hands of Kirkpatrick and used by him as his own ; the real estate and machinery were not in the name of his wife, nor did she claim it, but on the other hand the legal title was in the firm, and he repeatedly said it was only conveyed to his wife to prevent its sacrifice by creditors, and this is not overcome by his unsupported evidence.   But even if it was, still it must be held liable for debts incurred on the faith that it was firm property.

In the case of *Wilson* v. *Loomis*, 55 Ill. 352, we held that, notwithstanding the act of 1861, if a married woman advance her separate property or money and place it in the hands of

her husband for the purpose of carrying on any general business, and the husband, by his skill and labor, increase the funds, the entire capital embarked in the enterprise, together with the increase, will not constitute the separate estate of the wife, but will be liable for the debts of the husband. But if the rights of creditors did not intervene, as between the husband and wife the rule might be different. If we apply the rule there announced, then, although there were no profits in this case, the capital furnished must be held liable to the debts of Kirkpatrick and of the firm. The rule should apply in this case with more force than in that. There, the business was done in the name of the wife, whilst here it was in the name of the husband and his partner. There, the capital and profits were held liable for the husband's individual debts, whilst in this case it is only sought to apply the capital to the payment of firm debts, most probably created on the faith that all the capital belonged to the firm. If it would operate as a fraud on creditors in that case, much more so would it in this case. We have no doubt that the money due on this note was liable to be garnisheed for the payment of the judgment, as there were no rights of innocent assignees involved.

The judgment of the court below is reversed and the cause remanded.

*Judgment reversed.*