## JULIA E. HOCKETT *et al.*

### *v.*

## JOSIAH BAILEY.

1. FRAUDULENT CONVEYANCE — *settlement upon wife in fraud of creditors.* Where a husband exchanges land held by him for another tract, and causes the conveyance to be made to his wife, the wife may hold the same as her separate property, if the husband was out of debt, or retained in his own name sufficient property to pay all his indebtedness ; but he can not in this way settle property upon his wife in defiance of his creditors.

2. MARRIED WOMEN — *when property purchased with wife's means is liable for husband's debts.* Where a wife, married in Ohio in 1858, received money from her father's estate, with which she allowed her husband to purchase real estate in his own name, and which he several times traded for other property, taking the title in his own name, and finally acquired land in his name in this State, which he exchanged for another tract and procured the conveyance to be made to his wife, he working on the lands as his own, and increasing the capital, it was *held*, that the proceeds of the sale of the last-named tract were subject to

the payment of the husband's debts, it not appearing he kept sufficient property to pay his indebtedness.

3. If a wife allows her husband to use her capital as his own, to invest and reinvest the same in his own name, and thereby obtain credit on the faith of his being the owner of the same, she will not be allowed to interpose her claim to the property so acquired, to the injury of her husband's creditors.

APPEAL from the Circuit Court of Iroquois County; the Hon. N. J. PILLSBURY, Judge, presiding.

This was a bill of interpleader filed by Youngman against Josiah Bailey, Julia E. Hockett, and Pleasant Hockett, her husband, setting forth that he had bought a piece of land without knowing that her husband had any claim or interest in the same, and owed $700 on the same. He paid the balance of the purchase money into court in order that it might be determined who was entitled to the same. Bailey claimed that Pleasant Hockett was the real owner of the land and money, and claimed it as a creditor of said Pleasant Hockett, while Mr. and Mrs. Hockett, in their answers, claimed that Pleasant Hockett had no interest in the money or land sold to Youngman, and Bailey had no claim on the land sold or the money due therefor.

It further appeared that Pleasant Hockett was indebted to Bailey on a note given March 28, 1870, for $542.58, due November 1, 1870, with ten per cent interest; that on February 24, 1873, Bailey sued out an attachment and caused the same to be levied on the land, but, learning that Youngman claimed to have purchased the land, the latter was garnisheed. On the hearing the court required Mr. and Mrs. Hockett to bring into court their deed to Youngman for the land, and enjoined Bailey from suing out execution against the land, and decreeing payment of Bailey's debt out of the money brought into court. Bailey also filed a cross-bill in the case.

Messrs. DOYLE & KING, for the appellants.

Messrs. BLADES, KAY & EVANS, for the appellee.

76 HOCKETT *et al. v.* BAILEY. [Sept. T.

Opinion of the Court.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

It is true, the tract of land conveyed to Youngman, for which the money involved in this litigation is due and owing, was, at the time of the conveyance to Youngman, in the name of appellant Julia E. Hockett, but she, as appears, acquired the title from Antrim, October 4, 1871, who sold the land to Pleasant Hockett, and the consideration for the conveyance to her was a deed of a certain tract of land owned by Pleasant Hockett, which he conveyed to Antrim. If Pleasant Hockett, the husband, at the time he procured this land to be conveyed to his wife, had been free from debt, or if he had retained in his own name sufficient property to liquidate all his indebtedness, the transaction might have been sustained as a settlement upon the wife, and in such case she might have held the land in the same manner as if she had acquired it by descent, or purchase with her own separate property; but, it appears, when the husband had the land conveyed to her, he was indebted to appellee on a claim upon which the attachment was commenced, besides being indebted to others. Under such circumstances the husband could not, in defiance of the rights of his creditors, settle his property upon his wife.

But it is said the money which paid for the property originally, came to the wife from her father's estate, and she is entitled to be protected on that account. Julia and Pleasant Hockett were married in Ohio in the year 1858. At that time he had little or no property, and his wife secured from her father's estate about $1,100. Soon after the marriage a farm was bought, held for a while, sold, and another bought. This occurred several times in Ohio, until finally, in 1868, the last farm thus owned was traded for a farm of 200 acres, in Iroquois county, in this State. All of this business was transacted in the name of the husband; each purchase was, so far as shown, made by him and in his name. During the entire ten years from the time of the marriage, in 1858, until the purchase of the Bailey farm in Iroquois

county, in 1868, the husband had the money, and used and invested it in the same manner as if it was his own.   Soon after the purchase of the Bailey farm he conveyed it to Mrs. Rowe, and she on the same day conveyed the property back to the wife ; but this was done, as the evidence tends to show, to avoid the payment of appellee's debt, which was then held by another party.   But after this transfer the husband used and treated the property as his own, and subsequently sold it for other property the title to which was taken in his own name.   If it had been the intention and purpose of the wife to retain the money derived from her father's estate as her own separate property, free from her husband, when the land was bought it should have been purchased in her own name, or at least some plan should have been adopted by which the public would have had notice that the property purchased belonged to her and not to her husband.

In *Wortman* v. *Price*, 47 Ill. 22, it was held, where the wife advances capital to the husband, with which he engages in trade, such capital and its fruits in the business will be subject to the debts of the husband.   The same doctrine was again announced in *Patton* v. *Gates*, 67 Ill. 164.   The principle of those cases is applicable to this one.   Here, the husband had the wife's money ; he invested it in a farm in his own name, worked the farm, increased the capital, sold and reinvested.   Now, while it may be true, if this was a controversy solely between the husband and wife as to the ownership of the property, it might be held that the wife might recover, yet when the rights of creditors of the husband intervene a different question arises.

The husband, no doubt, obtained credit on the faith that the capital he was using belonged to him.   He used the capital of the wife in his own name with her consent, and she can not now interpose her claims as against the creditors of the husband.

We are satisfied, after a careful consideration of the whole record, that the decision of the circuit court was right, and the decree will be affirmed.

*Decree affirmed.*