VALENTINE MILLER ET AL.

v.

DELIA L. PAYNE ET AL.

</div>

1. PRACTICE—ANSWER IN CHANCERY.—It is not required of a complainant in chancery that he should introduce evidence to prove that which is admitted or stated in the answer, even if the answer is not under oath; being so stated, it is an admission of record. Where a bill charged want of consideration for a conveyance of land from husband to wife, and the answer set up three distinct considerations, *held*, that if, as appeared from the record, the considerations alleged were not sufficient in law, or did not in fact exist, there was sufficient in the record to support the allegation of no consideration.

2. HUSBAND AND WIFE—USE OF WIFE'S PROPERTY.—One consideration alleged by defendants for the deed to the wife, was a loan by the wife to the

Miller v. Payne.

husband of money several years before. *Held*, that if a wife allows her husband to use her capital as his own, invest it in his own name, and thereby obtain credit on the faith of his being the owner of the property, she will not be allowed to interpose her claim to the property so acquired, to the injury of his creditors, and that the consideration so alleged was not sufficient in law.

3. RELEASE OF DOWER RIGHT AS A CONSIDERATION.—The defendants also alleged as consideration for the deed, the release by the wife of dower rights in other lands, but the court are of opinion from an examination of the record, that such release of dower did not in fact enter into the consideration for the deed, but was interposed as an afterthought to strengthen the plea of defendants.

ERROR to the Circuit Court of Madison county; the Hon. GEO. W. WALL, Judge, presiding. Opinion filed August 1, 1879.

Messrs. METCALF AND BRADSHAW, for plaintiffs in error; in support of the relief sought by the bill of complaint, cited Mitchell v. Byrns, 67 Ill. 522; Jassoy v. Delius, 65 Ill. 469; Hocket v. Bailey, 86 Ill. 74.

As a bill to set aside a fraudulent conveyance it is proper, without showing insolvency: Miller v. Davidson, 3 Gilm. 518; Weightman v. Hatch, 17 Ill. 281; Newman v. Willets, 52 Ill. 98 Lewis v. Lanphere, 79 Ill. 187.

Deed from the husband to the wife can only be sustained by showing that there was an adequate consideration and no creditors, or if there were creditors, that he had reserved other property to pay them: Mitchell v. Byrnes, 67 Ill. 522; Jassay v. Delins, 65 Ill. 469; Hocket v. Bailey, 86 Ill. 74; Miller v. Davidson, 3 Gilm. 518; Weightman v. Hatch, 17 Ill. 281; Newman v. Willets, 52 Ill. 100; Lewis v. Lanphere 78 Ill. 187; Sweeney v. Damson, 47 Ill. 450; McLourie v. Partlow, 53 Ill. 340; Pratt v. Meyers, 56 Ill. 23; Boies v. Henry, 32 Ill. 130; Moritz v. Hoffman, 35 Ill. 553; Reed v. Noxon, 48 Ill. 323; Monell v. Sherrick, 54 Ill. 269; Thompson v. Willor, 86 Ill. 197.

Mr. G. B. BURNETT and Messrs. IRVIN & SPRINGER, for defendants in error; that all deeds are presumed to be upon a valuable consideration, cited Stone v. Duval, 77 Ill. 475.

Fraud must be proved: Wright v. Grover, 27 Ill. 426.

Want or failure of consideration must be proved; Mitchell v. Deeds, 49 Ill. 416; Stacker v. Watson, 1 Scam. 207; Topper v. Snow, 20 Ill. 434.

An answer denying allegations in the bill, must be overcome by proof: James v. Bushnell, 28 Ill. 158; Reese v. Darby, 4 Scam. 162; Munson v. Miller, 66 Ill. 380.

Waiver of homestead right was a valuable consideration: Patrick v. Patrick, 77 Ill. 555.

BAKER, P. J. Valentine Miller and Jacob Stroutzenburg filed a bill in the Madison Circuit Court against Henry Payne, and Delia Payne, his wife. The bill alleged, in substance, that at the August term, 1878, of the court, said Miller recovered a judgment for $367.83, and said Stroutzenburg a judgment for $392.18, against Henry Payne, upon which judgments executions were issued, and returned "no property found." It was also alleged the debts were contracted, one in 1873 and the other in 1874, at which times said Henry Payne was the owner of two hundred acres of valuable lands, situate in Madison county, and described in the bill. That May 10th, 1878, Payne and wife borrowed $3,000 from one Barnsback, to secure which they gave a deed of trust on all of said lands except one tract containing twenty-three acres, and that they still retain said sum, or the greater part thereof, and purpose to defraud their creditors out of the same. That May 29th, 1878, said Henry Payne gave a second deed of trust on the mortgaged lands to one Irvin, as trustee, to secure certain specified creditors whose debts amounted to $2,264.10; and that on the 10th day of July, 1878, said Henry Payne deeded said mortgaged lands to Prickett and Gerke, for the expressed consideration of $6,474. That said Henry Payne, on the 10th day of May, 1878, for the purpose of defrauding complainants out of their said claims, made and delivered to his wife, Delia L., a deed to the twenty-three acre tract of land, for the pretended consideration, as expressed in the deed, of $1,500. That the premises deeded to Delia L. were and are worth $2,500, there being a dwelling-house and improvements thereon; that Henry Payne was the

owner of the premises when the debts to complainants were contracted, and that they gave him credit on the faith of his being the owner thereof. That neither said sum of $1,500, or any other sum was paid to said Henry Payne by said Delia L. Payne at the time of the execution of said deed, and that the same was made without any consideration, and to delay, hinder, and defraud complainants. Answers under oath were expressly waived. The joint and several answer of the defendants neither admitted or denied the recovery of the judgments or the issuing and return of the executions, as averred in the bill. It denied that Henry Payne was, at the time he contracted the indebtedness to complainants, the sole owner of the lands, but claimed Delia L., at and prior to that time, was the owner of an equitable interest therein. The answer stated, that about the year 1863 the wife had $1,700, which was her own separate property, and loaned the same to her husband for the purpose of paying off debts which he owed for the purchase money of said real estate, and that he applied $500 of said sum in payment of a debt against the twenty-three acre tract, and $1,200 in payment of indebtedness against the other lands. The answer further stated: "And the said Henry Payne, being indebted to respondent, Delia L. Payne, for said sum of seventeen hundred dollars, and interest thereon, in part payment of said indebtedness, and in further consideration of Delia L. Payne having joined in the execution of the deeds of trust in said bill mentioned, and of the deed to Prickett and Gerke herein mentioned, releasing her homestead and right of dower in the lands in said deeds of trust and deed mentioned and described, for the benefit of the creditors of said Henry Payne, the said Henry Payne did execute, acknowledge, and deliver to said Delia L. Payne a deed conveying to her the twenty-three acre tract of land mentioned in said bill."

The answer also denied that the deed was made to delay, hinder or defraud creditors, but claimed they were benefited by the arrangement, which secured the release of the dower and homestead rights of the wife in the remaining lands. The defendants denied they still had the money received from Barnsback, but claimed it had all been applied to the payment

of debts against Henry Payne. They also denied that the land conveyed to Delia L. was worth $2,500, or that complainants gave credit to Henry Payne on the faith that he was owner of said premises. It was also claimed the rights of complainants as creditors were in no sense superior to the rights of Delia L. Payne. A replication was filed to this answer. The cause was afterwards heard on bill, answer, replication and proofs, and the bill was dismissed at the cost of the complainants.

So far as the $3,000 received from Barnsback is concerned, it is clear complainants were entitled to no relief. True the defendants conceded and the proofs showed the receipt of the money; but it was also shown $812 of it was paid on a debt due one Jarvis, and the only information the court had in regard to the remainder of the sum, was the statement in the answer that it had all been honestly appropriated in payment of debts, and that none of it was in possession or under the control of defendants. The case then stood as to this remainder, upon a simple allegation in the bill, which was denied in the answer. An allegation must be either admitted or proved before it can be acted upon by the court as true. It is difficult to see, under the circumstances of the case, what relief could possibly have been granted complainants as to this money. The mere fact of its receipt in May, 1878, especially when defendants were not even called upon by the bill to disclose when, how, or to whom they had disposed of it, raises no presumption that the answer was untrue, and that the money was in their hands and under their control at the time the cause was submitted in the following December.

The principal question involved in the case was, whether the deed to Delia L. Payne was fraudulent and void as against the claims and judgments of complainants. It may readily be admitted that fraud will never be presumed; that where a want of consideration is alleged, it must be proved; and that the recital in a deed of a consideration is sufficient evidence it was made for a valuable consideration until the opposite is made to appear. It is also true, the burden at the hearing was upon the complainants to prove all material allegations of the bill not admitted by the unsworn answer. No point is

Miller v. Payne.

or can be made, that there was, as to this branch of the case, a defect in the proofs of complainants upon any of the aver-ments of the bill, unless it be upon the allegations that the deed from Henry Payne to his wife was a voluntary deed, made without any consideration, and was fraudulent. It is urged that as the bill charges a want of consideration, and this charge is denied in the answer, and that as there is no evidence in the record to show there was no consideration, the decree was necessarily for the defendants.

If the premises claimed were once conceded, the conclusion suggested would irresistibly follow. But that the premises assumed have foundation in the facts of the case as they appear in the record, may well be questioned.

It is not required of a complainant he should introduce evi-dence to prove that which is admitted or stated in the answer, even if the answer is not sworn to; being so stated, it is an admission of record. In Maher v. Bull, 39 Ill. 531, this rule is announced to apply as well to answers not under oath as to sworn answers, and it is there said: "The answer remains a part of the record, and while it so remains, the defendant is bound by its admissions." And it is further said: "Courts exercise a liberal discretion in relieving from the effect of admissions in answers not under oath." Willis v. Henderson, 4 Scam. 13, is only to the effect that an answer not sworn to is not evidence against the complainant. Chamber v. Rowe, 36 Ill. 171, regards the unsworn answer from the same standpoint of its effect, as against the complainant; and it is there said, "the answer not being on oath, amounts to no more than an ordinary plea in a suit at law, against which the complainant is at liberty to prove his case, as in a suit at law." In Camp-bell v. Benjamin, 69 Ill. 244, the decree of foreclosure was not offered in evidence, but it was averred in the answer that the father "acquired the legal title to said premises in trust" through a certain sale, and it was held that this admission in the answer dispensed with the necessity of producing the decree of foreclosure, for the reason that unless the decree ordered the sale of the infant's interest, the father could not have acquired the legal title. In Higgins v. Curtiss, 82 Ill. 29, it was held, the answer

was a virtual admission of the complainant's case, and that the
general denial was rebutted by the facts conceded.  In Bartlett
v. Gail, 4 Paige (Ch'y R. ) 507, it was said by Chancellor Wal-
worth: "Where an answer on oath is waived, although as
a pleading the complainant may avail himself of admis-
sions and allegations in the answer which go to establish
the case made by the bill, such answer is not evidence in favor
of the defendant for any purpose."  It seems it was once ques-
tionable whether a complainant could dispense with the oath,
and thereby make the answer evidence in his own favor, and
yet exclude it as evidence for the defendant.  Story Eq. Pl. §
875 a.  But our statute has settled this question in favor of
the complainant, by providing that the answer without oath
shall have no other or greater force as evidence than the bill.
R. S. 1874, Ch. 22, Sec. 20.

We may take it, then, as established by the statements of the
defendants in their answer, that the considerations, and only con-
siderations, for the deed in controversy, were three: the $1,700
loaned on or before 1863, by Delia L. Payne to her husband;
the waiver of the homestead right of Delia L. in the other lands
of her husband, and the waiver of dower in these other lands.
We further take it, that if these considerations are not sufficient
considerations in law to support the conveyance as to existing
creditors, or if the circumstances in proof show that no such
considerations passed as matter of fact, then it sufficiently ap-
pears from the record, in the absence of all evidence to the
contrary, that the deed was made without any valid considera-
tion whatever, and was fraudulent and void as to the judgments
of these complainants.

In Wortman v. Price, 47 Ill. 22, and in Patton v. Yates,
67 Ill. 164, it was held that where the wife advanced capital
to the husband, with which he engaged in trade, such capital
and its fruits in the business will be subject to the debts
of the husband.  In Hockett v. Bailey, 86 Ill. 74, the circum-
stances of the case were very similar to the circumstances
of this, and the court there said:  "If a wife allows her hus-
band to use her capital as his own, to invest and re-invest the

same in his own name, and thereby obtain credit on the faith of his being the owner of the same, she will not be allowed to interpose her claim to the property so acquired, to the injury of her husband's creditors."

Here the wife loaned money to the husband fifteen years or more before the execution of the deed, which he applied to the payment of debts which were liens upon his real estate. This real estate then stood, and continued to stand for these fifteen years in his name, and during that time he erected a dwelling house and other valuable improvements upon the lands with his own means; and for twenty years or more before and after the loan he held possession, and dealt with the lands as his own, and contracted debts on the faith of such ownership. We regard the case cited as conclusive upon this branch of the alleged consideration.

The waiver of the homestead in the other lands which were first mortgaged, and afterwards sold, was no consideration whatever for the deed, as it is amply shown by the proofs that there was no homestead in these other lands. The tract conveyed to the wife was the homestead.

Delia L. Payne did not join in the second deed of trust; but she did join in the Barnsback deed of trust, and in the subsequent conveyance to Prickett and Gerke, and thereby waived her right of dower in these other lands.

These waivers of the right of dower present a more difficult question. She states in her answer that one of the considerations for the deed to her, was the " releasing her homestead and right of dower in the lands in said deeds of trust and deed mentioned and described, for the benefit of the creditors of the said Henry Payne." We think it evident there could have been no such consideration agreed upon for the deed to her, for when, nineteen days thereafter, her husband executed and delivered to Irwin a trust deed on the remaining lands, to secure these creditors of his, she did not join in the execution of this trust deed. It must be presumed that if there had been any such understanding between them as stated in the answer, then she would have joined in the trust deed, and waived her dower in favor

of the very persons in whose favor, as she now says, she had a very few days before been paid for waiving it—the fact that she did not have her deed recorded until the 29th day of May, the very day the trust deed was executed, acknowledged and recorded, making the case still stronger against her. There is no explanation whatever of these circumstances either made or attempted. It is true, she afterwards, in July following, did join in the conveyance to Prickett and Gerke, the effect of which under the statutes was the waiver of her dower; but in view of the fact that she did not join in the antecedent deed of trust for the benefit of creditors, *non constat*, her so joining in the conveyances was a part of the consideration for the deed to her. And it is remarkable, in view of the claim now made, that neither in this conveyance, or in the acknowledgment is the matter of dower mentioned, while she expressly waives in both her rights of homestead. Moreover, from the very way in which this latter consideration is set up and claimed in the answer, it appears to have been a mere afterthought and makeweight. There is no evidence in the record as to the consideration for the conveyance from Payne to his wife, further than that afforded by the several deeds themselves, the admissions in the answer, and the surrounding circumstances of the case. The value of the premises conveyed to the wife was estimated by the defendant's witnesses, at from $1,250 to $1,800, only one witness placing it at the first figure, and by the complainant's witnesses, at from $2,350 to $2,600. The value of the interest of the wife in the lands to which she waived her dower is not claimed by defendants to be more than $925. The relation of husband and wife, the fact that he was in failing circumstances and insolvent at the time of the transaction, and that judgments were recovered against him at the following August term of court, as well as the inadequacy of consideration, all have probative force. We are of the opinion the evidence found in the record establishes the material allegations of the bill, so far as regards the tract of land conveyed to the wife, at least sufficiently to shift the burthen of proof and cast it upon the defendants. This in our opinion, is, so far as it is

disclosed by the record, no such case as Patrick v. Patrick, 77 Ill. 555. We are of the opinion the Circuit Court erred in dismissing the bill and rendering a decree against complainants for costs.

The decree is reversed and the cause remanded.

Reversed and remanded.

WALL, J., took no part in the decision of this case.