## MINNIE LOWENTROUT ET AL.
### V.
### ROBERT CAMPBELL ET AL.

*Fraudulent Conveyances—Husband and Wife—Conveyance by Wife to Husband—Liability for Husband's Debts—Creditors, Existing or Subsequent.*

1.   Property deliberately.conveyed to a husband by his wife, belongs to him, and is liable for his debts.

2.   Upon a bill to set aside a transfer of real estate alleged to have been made in fraud of creditors, this court holds that the conveyance was fraudulent as to the creditors in question.

### [Opinion filed January 21, 1889.]

APPEAL from the Circuit Court of McLean County; the Hon. OWEN T. REEVES, Judge, presiding.

Messrs. JAMES S. EWING and WILLIAM E. CAPEN, for appellants.

Mere indebtedness at the time will not *per se* establish that a voluntary conveyance was void even as to existing creditors, unless the other circumstances of the case justly create a presumption of fraud, actual or constructive. Woodridge v. Gage, 68. Ill. 157; Moutz v. Hoffman, 35 Ill. 553; Ulich v. Marble, 61 Ill. 449; Harman v. Harman, 63 Ill. 582; Patrick v. Patrick, 77 Ill. 261; 2 Kent's Com., 174.

Complainant must prove that grantor knew of insolvency and indebtedness of grantor, and that grantor intended to hinder, delay or defraud creditors. Trustees of Schools v. Mason, 11 Ill. App. 454, and 15 Ill. App. 386.

Equity will uphold title in wife as against creditors, not misled by title standing in the husband. Sweeney v. Damron, 47 Ill. 450.

This last was a case where lands were purchased with wife's money, but legal title in name of husband, who traded the land for other land, and had deed for the same made to his wife.

Existing creditors are those whose claims or demands

against the debtor were in being, in some form, at the date of the alleged voluntary or fraudulent alienation.

Subsequent creditors are those to whom the insolvent became indebted at a time subsequent to the alienation which is the subject of inquiry.

As to the former, fraud is an inference of law. As to the latter, there must be fraud in fact. . Wait on Fraud. Con., Sec. 89, p. 138; Cook v. Johnson, 12 N. J. Eq. 54; see, also, Wait on Fraud. Con., Chap. VI, title "Subsequent Creditors," page 148.

The right of a grantee or vendee from whom a creditor seeks to wrest property held in trust for the debtor, to require the creditor to show, in a proper case, that his debt accrued before the conveyance which is questioned, is clearly established.

Messrs. WILLIAMS & CAPEN, BENJAMIN & MORRISEY, J. P. LINDLEY, H. G. BENT, W. B. CARLOCK, H. R. BENSON and E. E. DONNELLY, for appellees.

The conveyance made June 20, 1888, by Lowentrout to his wife, of all his property, worth several thousand dollars, for the nominal consideration of one dollar only, as expressed in the deed, was *prima facie* fraudulent as to his then existing creditors, without reference to his intent or that of his wife· Marmon v. Harwood, N. E. Rep. Vol. 16, 236; Freeman v Pope, L. R. 5, Ch. 545; Kehr v. Smith, 20 Wall. 31, 35; Kipp v. Hanna, 2 Bland. 33; Emerson v. Bemis, 69 Ill. 541.

Where the circumstances surrounding the execution of a conveyance lead to the inference of fraud, the burden of disproving it is on those upholding the conveyance as against the grantor's creditors. Zimmer v. Miller, 64 Md. 296; Breslauer v. Geilfuss, 65 Wis. 377; Frank v. King, 121 Ill. 250; Besson v. Eveland, 26 N. J. Eq. 468; Post v. Stiger, 29 N. J. Eq. 556.

Where the husband has taken the title to property in his own name, with his wife's knowledge, and she has for years permitted him to represent the property to be his, and upon such apparent ownership to obtain credit and standing, equity will not protect the property from the husband's creditors, even

if the design to create a trust in favor of the wife were clearly established by the evidence.   Beeson v. Eveland, 26 N. J. Eq. 468; Budd v. Atkinson, 30 N. J. Eq. 530; Hackett v. Bailey, 86 Ill. 74.

All the appellees were creditors within the meaning of the statute of frauds, although portions of the claims of most of them were not due, and to a certain extent were contingent at the time of the transfer.   Waldrodt v. Brown, 1 Gilm. 397, 399; Bongard v. Block, 81 Ill. 186; Choteau v. Jones, 11 Ill. 338; Hatfield v. Merod, 82 Ill. 113; Jackson v. Seward, 5 Cow. 71; Howe v. Ward, 4 Greenl. 195; Van Wyck v. Seward, 18 Wend. 375; McLaughlin v. Bank, 7 How. 229; Bibb v. Freeman, 59 Ala. 615; Mattingly v. Wulke, 2 Ill. App. 169; Bay v. Cook, 31 Ill. 336; Rider v. Kidder, 10 Ves. 360.

Where a deed is set aside as void as to existing creditors, all the creditors, prior and subsequent, share in the fund *pro rata*.   Weber v. Smith, 20 Wal. 31, 36;  May on Fraud. Con., (2d Ed.) 62; Whittington v. Jennings, 6 Simons, 493; Freeman v. Pope, L. R. 5, Ch. 538.

A conveyance intended to defraud creditors is voidable, not only as to existing but as to future creditors.   Partridge v. Stokes, 66 Barb. (N. Y.) 586, 588;  Morrill v. Kilner, 113 Ill. 318; Shand v. Hanley, 71 N. Y. 319, 322; Horn v. Volcano Co., 13 Cal. 62, 72.

WALL, P. J.  In the year 1887, Lowentrout & Shansten were sub-contractors, under one Eager, in the building of a portion of the Lake Erie & Western Railroad.   Shansten had no property.   Lowentrout had the legal title to four lots in the city of Bloomington.   One of these lots was purchased from one Miller, in 1880, at the price of $3,000, and was deeded to the wife of Lowentrout.   In 1883 Mrs. Lowentrout conveyed this lot to her husband.   The other lots were conveyed, at different times to the husband.   It is contended that all this property, which was quite valuable, really belonged to the wife, because acquired with her means, though the title was in the husband.

The contract held by Lowentrout & Shansten proved un-

profitable, and it was finally abandoned by them, the unfinished work being completed by Eager, the chief contractor.

The employes of Lowentrout & Shansten, who were mostly day laborers and men with teams, quit work some time in July, 1887.    They had been at work for months, but the balance due was for the months of June and July.    There was a claim, also, in favor of Harber & Co., who had furnished some scrapers in May.    On the 20th of June, 1887, Lowentrout conveyed the real estate above mentioned to his wife for the expressed consideration of one dollar.    The creditors of Lowentrout & Shansten, having obtained judgments on their claims before a justice of the peace, caused transcripts to be filed in the office of the circuit clerk, and obtained executions to the sheriff.    These executions were returned *nulla bona*, and a bill in chancery was filed for the purpose of setting aside the conveyance from Lowentrout to his wife, on the ground that it was fraudulent as against these creditors, complainants in the bill.    Upon a final hearing, a decree passed according to the prayer of the bill, and the present appeal questions the propriety of that decree.

It is not necessary to consider the question of fact as to whether the property in controversy was purchased with the money of the wife.    The evidence on this point, though quite positive and circumstantial, presents a very unusual condition of affairs, and much of it is hard to believe.    All the circumstances taken into account, the story seems unreasonable in many of its details.    But conceding the money did belong to the wife, and that she acquired it from a former husband and by her own exertions, as she claims, it can not be doubted that the property was deliberately placed in the name of the husband, and that a part of it, at least, was so placed for the very purpose of giving him credit; it must therefore be regarded, so far as these creditors are concerned, as his property. Hackett v. Bailey, 86 Ill. 74.

The evidence leaves no doubt that the conveyance was for the purpose of defrauding the creditors of Lowentrout & Shansten, and, whether they are to be regarded as existing or subsequent creditors, if there was, in fact, a fraudulent purpose

in making the conveyance, they may have it removed out of their way. Morrill v. Kilner, 113 Ill. 318; Moritz v. Hoffman, 35 Ill. 553; Bump on Fr. Con., Chap. 13.

We think, however, the creditors may well be regarded as existing at the time of the conveyance, and though there was no express fraud, but merely fraud in law, they might ask the relief here granted. Ib., Chap. 18. The decree is responsive to the merits of the case, and must be affirmed.

*Decree affirmed.*