## William W. Taylor v. Joseph Minigus et al.

1. HUSBAND AND WIFE—*When Wife May Enter into Partnership.*—By section 6, chapter 68, R. S., the wife is allowed to enter into and carry on partnership business only by the consent of her husband, except in cases where he has abandoned or deserted her, or is idiotic or insane.

2. SAME—*Employment of the Husband.*—Where a wife in good faith

puts her capital into a partnership business, and acts in good faith in carrying on the business, she may employ her husband as her agent. The good faith of the transaction is always in question.

3. SAME—*Strangers as to Their Separate Property.*—A husband and wife as to her separate property stand in the same relation as strangers. She may sell it or loan it to him, or constitute him her agent for its management or disposition.

Replevin.—Appeal from the Circuit Court of La Salle County; the Hon. CHARLES BLANCHARD, Judge, presiding. Heard in this court at the December term, 1895. Affirmed. Opinion filed June 1, 1896.

CHARLES S. CULLEN, attorney for appellant.

FOWLER BROS., attorneys for appellees.

MR. JUSTICE LACEY DELIVERED THE OPINION OF THE COURT.

This was an action of replevin by appellee against appellant to recover the possession of forty-two fat hogs, levied upon by appellant, sheriff of La Salle county, on an execution issued December 21, 1893, as against one Dyson Miller, upon a judgment in the Circuit Court of La Salle County rendered at the March term, 1891, in favor of Wm. Callagan against Dyson Miller for $2,198.82 and costs. The case was tried by a jury in the Circuit Court resulting in a verdict and judgment on the verdict, against appellant. Harriet A. Miller, one of appellees, was the wife of Dyson Miller, the defendant in the execution.

Since the rendering of the judgment Mrs. Miller died, and upon her death being suggested in this court her husband, Dyson Miller, her executor, was made party.

The appellees claimed to own the property as partners under the firm name of "J. Minigus & Co.," and to be doing business in buying and selling live stock in said county. Some time previous Milton Fread had been partner with Mrs. Miller but the firm for some reason was changed and Mrs. Miller and J. Minnigus became the partners and her husband transacted the business for her, and the last partnership had existed four or five years.

By Sec. 6, Chap. 68, R. S., the wife is only allowed to

" enter into and carry on partnership business, unless her husband has abandoned or deserted her or is idiotic or insane, except by his consent."

It is insisted that there was no direct evidence that the husband ever gave his consent.   We think, however, as the husband carried on his wife's share of the business as her agent, his consent may be regarded as sufficiently proven. It will not be necessary for us to go over the evidence in detail further than to say we regard it as sufficient to support the verdict.   It appears from the evidence that Mrs. Miller inherited separate estate and put her own capital into the partnership business and that other moneys were borrowed by the firm and went into it, and that the husband never put anything into it.

The issue before the jury was whether the hogs in question belonged to the firm of " J. Minigus & Co.," of which Mrs. Miller was an alleged partner, and Joseph Minnigus the other, or whether they belonged to Dyson Miller.

We do not think the evidence sustains the contention that the money put into the partnership by Mrs. Miller can be regarded as a loan to her husband.   He, in this case, did not engage in trade on his own account, as the jury were warranted in finding.   The cases of Wortman v. Price, 47 Ill. 22; Guill v. Hanny, 1 Ill. App. 490; Patton v. Gates, 67 Ill. 164; and Brownell v. Dixon, 37 Ill. 197, are not in point.

Instructions eight and thirteen refused would have been misleading and not based on the evidence.   The case on appellant's side was fairly submitted by his instruction six, which submitted the question of collusion between Mrs. Miller and her husband as to the *bona fides* of her being the partner, or whether her husband was the partner, in which last case plaintiffs could not recover, and the jury were so told.

If the wife's capital, in good faith, was put into the partnership, and she was acting in good faith in carrying on the business, then she might employ her husband as her agent, and we think she can do so in a partnership.   Tomlinson v. Matthews, 98 Ill. 178.   A husband and wife, as

to her separate property, stand in the same relation as strangers. "She may sell it or loan it to him, or constitute him her agent for its management and disposition." Ibid. above.

If, then, a husband could employ his wife as agent with or without compensation, they being equal as to their separate property, it necessarily follows she could employ him as her agent on the same terms. The *bona fides* of the transaction is always in question. The 8th refused instruction, telling the jury she could not "employ her husband for the purpose of engaging in trade without making her property his, subject to levy," was erroneous.

The 13th refused had some fault; and all that was proper was given in the 6th given instruction for defendant. It was misleading and of doubtful meaning.

The instruction submits to jury if wife "advances her own separate money and places same in the hands of her husband to engage in trade, etc.," and he by "his labor and skill increases the entire capital," etc., it will be liable to be taken for her husband's debts.

If she places the capital in his hands as her agent she may; but not in his hands as his own, and allow him to trade on it as his property.

Instruction No. 1 for plaintiff tells the jury the burden of proof was on plaintiff, so there was no error in refusing appellant's 12th instruction refused.

The 9th instruction refused was incorrect in supposing a case which there was no evidence to support, and in telling the jury that the wife could not carry on a business of partnership if she advanced no money, where her husband was her agent.

If Mrs. Miller and Minigus entered into partnership without putting any money in it at first, but borrowed it on the firm's credit, then each had an interest in what belonged to the firm and she might employ her husband as agent to carry on the business. The instruction was misleading as well as not being based on the evidence.

There was no substantial error in the 17th instruction given the court as to form of verdict.

In the first place the jury was instructed to find issues for defendant, and then that the property was that of Dyson Miller. In the first place the jury did not find the issues for defendant. In the next place the finding property in Miller was not necessarily the entire property, but his interest, whatever he had. There was no harm in this instruction as to form of verdict, and if there was any error it was favorable to appellant.

The plea complained of by appellant as not being allowed to be filed was not refused by the court and was in fact on file, and issue was tried on it, as shown by appellant's instruction No. 7; that is, the jury were told among other things that if the property was that of Dyson Miller and James Minnigus the plaintiffs could not recover, and the jury should find for defendants.

It seems to us the appellant has had a fair and impartial trial and that the verdict is supported by the evidence and therefore the judgment is affirmed.