APPLEGATE *vs.* CAMERON.

*In the matter of the estate of* WILLIAM APPLEGATE, *deceased.*

THE statute which directs the appraisers, on taking an inventory, to set apart for the use of the widow and minor children—in addition to certain specified articles—other personal property to the value of not exceeding one hundred and fifty dollars, does not vest an absolute discretion in the appraisers. They cannot set apart property exceeding one hundred and fifty dollars in value. The appraisers are officers appointed by the Surrogate to estimate and appraise; and their appraisement is not conclusive, but may be reviewed, examined, and corrected.

If the appraisers neglect to set apart property for the widow and minor children, or make a valuation palpably erroneous, whether from fraud or mistake, the Surrogate may direct the error or mistake to be rectified.

Where articles were set apart, valued at a sum exceeding one hundred and fifty dollars—*held* that the act was, on its face, a violation of the statute, and invalid.

  G. G. SICKLES, *for Petitioner.*
  D. B. TAYLOR, *for Administratrix.*

THE SURROGATE. In making the inventory, the appraisers set apart for the use of the widow and minor children the articles of household furniture declared by the statute not to be deemed assets, and also other articles of furniture valued by them at $165 50. On the accounting of the administratrix, at the instance of one of the children, proof was offered that the appraisement of these articles was grossly incorrect; and it is now insisted that the widow and administratrix, in whose possession the articles still are, should have a new appraisement made, or answer to the petitioner for his share of the excess of their value beyond the sum of $150. The language of the statute is: "Where a man, having a family, shall die, leaving a widow, or a minor

child or children, the following articles shall not be deemed assets, but shall be included and stated in the inventory of the estate, without being appraised." (2 *R. S.*, 3*d ed., p.* 147, § 9.)   By Sec. 2 of Chapter 157 of the Laws of 1842, it was provided that "When a man, having a family, shall die leaving a widow or minor child or children, there shall be inventoried by the appraisers, and set apart for the use of such widow, or for the use of such widow and child or children, or for the use of such child or children in the manner now prescribed by the ninth section of Title Third Chapter Sixth of Part Second of the Revised Statutes, necessary household furniture, provisions, and other personal property, in the discretion of said appraisers, to the value of not exceeding one hundred and fifty dollars, in addition to the articles of personal property now exempt from appraisal by said section."

It is claimed by the administratrix, that the duty assigned by the statute to the appraisers is vested in them absolutely. I cannot agree to that proposition.   The discretion given to the appraisers relates to the particular property set apart— that is, they may appropriate household furniture, provisions, or other personal property, in their discretion ; but so far from having any power beyond this, they are expressly restrained by the limitation that the property so assigned shall not exceed one hundred and fifty dollars in value.   It is true, they are to estimate the value ; but their action is not judicial.   They are officers appointed by the Surrogate to estimate and appraise the property ; but the estimate and appraisement, when made, are not conclusive.   Appraisers may be appointed "as often as occasion may require."   (2 *R. S.*, 3*d ed., p.* 146, § 1.)   The Court has always exercised a discretion over the inventory ; and as to the value of the goods as reported by the appraisers, it never was binding at common law.   In an action at law, the inventory is only *primâ facie* evidence of the extent of the assets and their value, so as to throw the proof of errors and incorrect valuation on the party impeaching it. (4 *Burns, Ecc. L.*, 418,

420.) Our statute provides expressly that it may be rebutted. (2 *R. S.*, *3d ed.*, *p.* 544, § 14.) If the appraisers should neglect to set apart any property for the widow or minor children, or if, in discharging their duty, they commit error, the Surrogate has such a supervision of their proceedings that he may correct any irregularity, mistake, or improper valuation. Otherwise there would be no remedy; and to hold that appraisers may set apart property of any value without their valuation being subject to review, would open a wide door for fraud. There is no doubt the appraisers in the present instance acted conscientiously; but it is just as clear that, through inexperience or ignorance of the value of the property, they committed a serious mistake, and greatly undervalued some of the articles in question. Besides, it is obvious that on their own estimate of the value they have not complied with the provisions of the statute. Having appraised the articles at the sum of $165 50, they entered on the inventory this memorandum : " The above are articles set apart for the widow, pursuant to exemption act, passed April 11, 1842—one hundred and fifty dollars in value." There is confessedly an excess in value, beyond the amount fixed in the statute, of $15 50. That, of itself, makes the proceeding void. It will answer no purpose for the widow to pay this excess; for that leaves open, what articles belong to her as purchaser and what articles are set apart, so that the severance of the property from the estate, and its specific allotment remain entirely incomplete. An appraisement or apportionment that shows the statutory limit to have been transgressed by setting apart more than one hundred and fifty dollars, in value, of property, is on its face invalid. The administratrix must, therefore, on this accounting, respond to the petitioner for one-third of the excess of the value of these articles over the sum of one hundred and fifty dollars.