Fox *v.* Burns.

## Fox *vs.* Burns.

12 677
71h 552
12b 677
55ad436

12b 677
38 Mis² 214

The protection given to purchasers by the statute requiring chattel mortgages to be renewed before the expiration of the year, by filing a copy thereof, with a statement, is not limited to purchasers from the mortgagor: a purchaser from his vendee, or in case of his death from the person in whom the title to the property would have vested, but for the mortgage—as his executor &c., and in certain cases his widow—is entitled to its benefits.

Where a cow was mortgaged to secure a debt, but remained in the mortgagor's possession, and after more than a year had elapsed, without a renewal of the mortgage, the mortgagor died, leaving a widow but no minor children, or executor or administrator, and the widow sold the cow to the plaintiff, who purchased in good faith and for a valuable consideration; *Held* that the plaintiff, by such purchase, and by operation of the statute, acquired a good title to the property, and could hold the same, as against a person claiming under the mortgage.

THIS was an appeal from a judgment of the Cayuga county court. The cause was originally commenced before a justice of the peace. It appeared by the return of the justice, that on the 15th of March, 1849, Calvin Tanner executed a chattel mortgage, upon a cow and other property, to Dennis Tanner, to secure the payment of $63 and interest, one year from date; which mortgage was filed in the proper town clerk's office the next day. The cow remained with the mortgagor until his death on the 17th of June, 1850, and thereafter with his widow until in July, 1850, when she sold the cow to the plaintiff, for $26, who paid her the money therefor, at the time of the sale, and took the cow away. The testimony was conflicting upon the question whether the plaintiff knew of the mortgage, when he made the purchase. The mortgage was not renewed, by filing a

copy, with the necessary statement, as prescribed by statute; and on the 18th or 19th of June, 1850, it was taken from the town clerk's office by the mortgagee. No letters of administration, upon the estate of the mortgagor, were issued to the widow. There was no evidence that the mortgagor left any minor children. On the 20th of September, 1850, the mortgagee assigned the mortgage, and transferred all his interest in the cow, to the defendant. In the spring of 1851, the defendant, claiming under the mortgage, took the cow from the plaintiff, who thereupon commenced this action. The justice rendered a judgment in favor of the plaintiff for $31,66, from which the defendant appealed to the county court; which court affirmed the judgment with costs.

*David Wright,* for the respondent.

*S. A. Goodwin,* for the appellant.

*By the Court,* T. R. STRONG, J. The mortgage of Calvin Tanner to Dennis Tanner, transferred to the latter the entire legal title to the cow, subject only to be defeated by payment of the mortgage debt according to the terms of the mortgage. (*Butler* v. *Miller,* 1 *Comst.* 496, 500. *Coles* v. *Clark,* 3 *Cushing,* 399, 401, 2.) Upon the default of the mortgagor in payment, the legal title of the mortgagee to the animal was perfect. Thenceforth the mortgagor had only an equity of redemption, which, on his death, descended to whoever represented him as to the property. (*Burdick* v. *McVanner,* 2 *Denio,* 170, *and cases cited.*) But as the cow was left in the possession of the mortgagor, although the mortgage was duly filed in the proper town clerk's office, inasmuch as a true copy of the mortgage, with a statement exhibiting the interest of the mortgagee in the property, was not filed within thirty days next preceding the expiration of the term of one year from the filing of the mortgage, as required by law, the mortgage ceased to be valid, as against a subsequent purchaser in good faith, after the expiration of one year from the filing of the same. (*Laws of* 1833, *p.* 402, §§ 1, 3. *Gregory* v. *Thomas,* 20 *Wend.* 17.) The protection

given to purchasers, by this statute, is not limited to purchasers from the mortgagor : a purchaser from his vendee, or in case of his death, of the person or persons in whom the title to the property would have vested but for the mortgage, as his executors or administrators, and in certain cases his widow, is both by the letter and spirit of the statute entitled to its benefits. The language of the statute is that the mortgage " shall cease to be valid as against the creditors of the person making the same, or against subsequent purchasers or mortgagees thereof in good faith," &c. All subsequent purchasers in good faith, claiming the same title, whether from the mortgagor or one to whom he has sold, or to whom it would have passed by operation of law, if the mortgage had not existed, are within the statute. See 1 R. S. 739, § 144, as to deeds of real estate. (*Raynor* v. *Wilson*, 6 *Hill*, 469, 474.) In this case the mortgagor having had a family at his death, and no other cow than the one in question, and having left a widow, and there being no evidence that there were any minor children, the title to the cow, but for the mortgage, would have passed to the widow under the statute. (2 *R. S.* 83, 84, §§ 9, 10.) That statute provides that when a man having a family shall die, leaving a widow, or a minor child or children, certain property, and among other things' one cow, shall not be deemed assets, but shall be included and stated in the inventory of the estate, without being appraised, and if there be a widow, and no minor child, it shall belong to the widow. The title of the widow, where there is no minor child, is absolute on the death of her husband, subject to the right of the executor or administrator to take possession of the property for the purpose of inventorying it. (*Voelckner* v. *Hudson*, 1 *Sandf.* 215.) She may sell immediately, subject as aforesaid. (*Roosevelt* v. *Ellithorp*, 10 *Paige*, 415. *Hyde* v. *Stone*, 7 *Wend.* 354.) Here there was no executor or administrator, and the plaintiff having purchased of the widow in good faith, after the expiration of the year, I entertain no doubt that by virtue thereof, and by operation of the statute, he acquired the title to the property.

The withdrawal of this mortgage from the clerk's office by the mortgagee, leaving the cow with the family of the mortgagor,

would have invalidated the mortgage as against a subsequent purchaser, &c. in good faith, if it had not before ceased to be valid to that extent.

It is claimed on the part of the appellant that the widow had no title to the cow, and that a bona fide purchaser succeeds only to the rights of his vendor. The same objection might be made if the mortgagor had sold before his death and after the year. She stood in his place, and had all his rights. But it is by operation of the statute that the purchaser obtains title, and not because the seller had a title.

There was some conflict in the testimony, on the question whether the plaintiff had notice of the mortgage when he purchased, but the judgment of the justice, so far as that point is concerned, could not be reviewed by the county court, and can not be by this court.

The judgment of the county court was right, and must be affirmed.

[Monroe General Term, September 6, 1852. *Selden, Johnson* and *T. R. Strong*, Justices.]