KAPP *vs.* THE PUBLIC ADMINISTRATOR.

*In the matter of the Estate of* PETER EIKES, *deceased.*

THE provisions of the statute directing certain articles to be set aside in the inventory for the benefit of the widow and minor children of the deceased, are not limited to cases where the deceased was a *resident* of this State. These articles are not *assets*, do not belong to the executor or administrator, and are not the subject of administration and distribution.

Where the intestate died on his way to this country, leaving a widow and minor children in Germany, and the assets left on board of the vessel came into the hands of the public administrator, nothing having been set apart in the inventory for the widow and children—*Held*, that the inventory should be reformed in that respect.

> J. A. STEMMLER, *for Petitioner.*
> W. G. STERLING, *for Public Administrator.*

THE SURROGATE. The intestate died on his passage to this country, leaving a widow and minor children in Germany, where he had been previously domiciled. He never gained a residence in this State, but the assets left on board of the vessel in which he died, came into possession of the Public Administrator of the City of New York. Nothing having been set apart in the inventory, for the widow and children, and creditors having appeared, whose demands will exhaust the whole estate, the widow now applies by her attorney in fact, for an order to reform the inventory in this respect.

The terms of the statute are, that "where a man *having a family* shall die, leaving a widow or a minor child or children, the following articles shall not he deemed assets, but shall be included and stated in the inventory of the estate, without being appraised." (2 *R. S., p.* 83, § 9.) The

first statute on this subject, entitled "an act for the relief of widows and orphans" (*Laws* of 1824, *p.* 32), applied only to the case of a widow left with a minor child or children, and directed that the property thus reserved, should, with some exceptions, be the same as was exempt from seizure on execution, or distress for rent. The language of this provision in the former as well as in the present statute, differs from the statute exempting property from levy and sale under execution, in this important particular, namely: in the former the contingency is, "Where a man *having a family* shall die," &c., and in the latter it is, "The following property, when owned by any person being a *householder*, shall," &c. As the former was borrowed from the latter, this variation in terms is significant. So the section in regard to inventories gives to the widow and children certain articles, "put up and kept for use by his *family;*" while that in regard to executions exempts the same articles "put up or kept for use in any *dwelling house.*" (2 *R. S., p.* 367.) There is some meaning also in the circumstance that the words "for use by his *family,*" in the section relating to inventories, were substituted by the legislature for the words "in any *dwelling house,*" as originally reported by the Revisers. (3 *R. S., 2d ed., p.* 639–640.) The inference is plain, that the section was carefully framed, and with regard particularly to the consideration whether or not the deceased had been a "*householder,*" and had a "*dwelling house.*" The benefit of the provision was not made dependent on these conditions, and words which would have had that effect have been excluded from the statute. The general design was to reserve for the use of the widow or children property about commensurate with what was exempt from execution. The policy of the law in preserving from the reach of creditors certain articles of necessity, was extended for the advantage of the family, and without limitation as to residence. So when other articles not exceeding one hundred and fifty dollars in value were added to the exemption from execution, the

provision for the family of a deceased person was likewise enlarged. (*Laws* 1842, *ch.* 157, § 2.)   It is now urged upon me to construe these statutes so as to restrain their application to the case of deceased persons who were inhabitants of this State.   There is nothing in the letter of the law justifying such an interpretation; nor does the rule that the assets are to be distributed according to the *lex domicilii* affect the question.   That rule applies to the surplus of the estate—to the assets remaining after payment of debts. But the statute declares that the articles to be reserved for the widow and children shall *not* be assets.   They do not belong to the executor or administrator—do not go into the estate to be administered, but are taken out of it and given to the widow and children.   They are exempted from distribution.   The foreign law of distribution does not reach them, then, any more than the domestic law does.

It is true that it is generally an allowance in the nature of household furniture; but the only result of that is, that in case no specific articles of furniture are in this jurisdiction, the widow is limited to the amount of $150 in other property.   That she should be excluded from this because she is not a resident, or because her husband was not a resident, is more than the law has declared.   The benevolent design of the statute has a subject, whether the deceased was an inhabitant or not; and so long as the legislature have not confined the benefit of this beneficent provision, it is hard to find any reason for narrowing the charities of the law by judicial interpretation.   The same construction which would exclude a widow and orphan children in Germany, would shut them out, if the intestate had happened to have resided in New Jersey.   This view brings the case nearer home.   It is said, however, that if the assets of the deceased were distributed through several States, the widow might have the advantage of numerous exemptions of this kind.   It will be time enough to consider that objection when it appears that an allowance of this kind has been made to her in any other jurisdiction.   It is sufficient to

say in the present case, that I see nothing in the letter or the spirit of the statute adverse to the claim now advanced by the widow.