ORSON KELLOGG, Plaintiff in Error, *v.* ELIZABETH HOLLY, Defendant in Error.

ERROR TO WASHINGTON.

Articles assigned to a widow as a part of her portion, vest in her a complete title to them.

THE defendant in error brought a suit against the plaintiff in error before a justice of the peace of Washington county, in which suit she recovered judgment against Kellogg, for six dollars and twenty-five cents, and costs of suit. Kellogg appealed to the Circuit Court of Washington county, and at the September term, 1861, of that court, the judgment of the justice was affirmed by the court who tried the case, without the intervention of a jury, by agreement of parties. Kellogg moved for a new trial, and in arrest of judgment, which motions were overruled.

The bill of exceptions shows the facts as follows:

That it appeared from an entry on the book of Kellogg and Tutton, that one Hugh Holly left some wool there sometime in the Summer or Fall of 1858—there were about twenty-five pounds of the wool; that it was worth then about twenty-five cents per pound. That Hugh Holly died sometime in the Spring of 1857, intestate; that J. M. Holly, Senior, was appointed, and is now administrator of said estate. That

Elizabeth Holly is the widow of Hugh Holly, and the wool at the factory was assigned to said plaintiff as a part of her specific dower, as allowed by the statute, in the estate of Hugh Holly; that she called on defendants for the wool, after it was set apart to her.

The plaintiff in error excepted to the opinion of the court at the time, and brings the cause into this court, seeking to reverse the judgment of the court below, for that the judgment of the court was contrary to law and evidence, the main errors relied upon being, 1st, that Elizabeth Holly could not maintain an action for property belonging to the estate of her deceased husband; and, 2nd, because it does not appear that Elizabeth Holly, or any other person, tendered the dues to Tutton and Kellogg for carding the wool, prior to, or at the time the demand was made.

This cause was submitted *ex parte.*

R. S. NELSON, for Plaintiff in Error.

CATON, C. J. We can see no possible reason for reversing this judgment. The wool was assigned to the widow as a part of her portion, which vested in her the complete title to it. And it seems difficult to say, why she should not recover its value from the defendant, who has wrongfully converted it. If he had a lien upon the wool for the carding, he should have specified it, so that the plaintiff could have paid the amount. But he placed its detention upon no such ground. It is evident that he designed to deprive the plaintiff of her wool, for the value of which, the court very properly rendered a judgment in favor of the plaintiff.

The judgment is affirmed.                *Judgment affirmed.*