## JOSEPH C. Y. VEDDER *vs.* NELSON SAXTON and ANNA SAXTON.

Under the statutes of this state, providing that when a man having a family shall die leaving a widow, or a minor child or children, certain property shall not be deemed assets, but shall be included and stated in the inventory, without being appraised, and that if there be a widow and no minor child, it shall belong to the widow, (2 *R. S.* 83, §§ 9, 10; *Laws of* 1842, *ch.* 157, § 2,) the title of the widow to such exempted property, where there is no minor child, is absolute, on the death of her husband, not only as against creditors and next of kin, but as against legatees, subject only to the right of the executor or administrator to take possession of the property for the purpose of including and stating it in the inventory.

The effect of those statutes is to give to the wives of persons owning personal property of the character specified therein, a contingent interest in so much thereof as the statutes specify, dependent only on their surviving their husbands, and the property remaining undisposed of by the husbands while living.

A husband can no more divest his wife of this contingent interest, by will, than he can divest her of dower in his real estate.

And inasmuch as the articles exempted by statute, for the benefit of the widow, are not the subject of dower, or bequest by the husband, the court will not deem him to have included them, by intent, in a clause of his will giving

to his wife the use and profits of "all" his "estate, both real and personal, for her support through her life." But he will be considered as having meant merely all that he had power to dispose of; and the exempt property as not being included.

Accordingly, if the wife, in such a case, transfers to another "all the personal estate *given, devised* or *bequeathed* to her" in the will of her deceased husband, the transfer can not be applied to the exempt articles, because they are not to be deemed given, devised or bequeathed, in the will, but as passing to the widow by force of the statute.

Where the transfer contained this clause: "It is understood that this grant is intended to convey all the estate and interest *in said farm,* belonging to the said parties of the first part, or to either of them, *whether derived from said will or otherwise;*" *Held* that this must have been intended to operate on the widow's right of dower, and showed that the parties, in the prior descriptions of the property conveyed had in mind such as *passed* by the will, and not distinctively the farm and personal property of the testator.

And that this addition of an interest in the real estate, not derived from the will, showed an intent not to include in the transfer any interest in the personal property not derived from the will.

A widow does not, by accepting a provision in her husband's will in her favor, renounce the statutory allowance. There is no incongruity in her holding both what the law, and the will, respectively give her.

MOTION by the plaintiff for a new trial, upon exceptions.

*Dana, Beers & Howard,* for the plaintiff.

*M. Goodrich,* for the defendants.

*By the Court,* PARKER, P. J. This action is brought to recover for the conversion of certain articles of personal property, the title to which, as the plaintiff claims, passed to him by purchase from the defendants.

The property belonged to one Benjamin Glazier, at the time of his death. The defendant Anna Saxton, (now the wife of the other defendant,) was then his wife, and on his death became his widow. Glazier, by his last will and testament, dated August 21, 1861, made the following disposition of his property, viz: "After paying all my lawful debts and furnishing decent tomb stones to my grave, the residue of

my estate, both real and personal, I give and bequeath as follows, to wit: *First.* I give and bequeath to my wife, Anna Glazier, *the use and profits of all my estate,* both real and personal, for her support through her life, and after her death to be disposed of as follows," proceeding, then, to divide it among certain of the testator's relatives.

After the death of the testator, which occurred on the 19th of February, 1862, the property, now in question, was set apart by the appraisers to the widow, (it does not appear that there were any children,) as exempt property, under the statute.

On the 8th day of August, 1862, the widow having married the defendant Nelson Saxton, they quit-claimed to the plaintiff the farm of which Glazier died seized, and in the deed was inserted the following clause: "And there is to pass to the said grantee all the *personal estate* given, devised or bequeathed to her, the said Anna, in said last will and testament, excepting and reserving, however, to her, the said Anna, and to her heirs and assigns, the use of both said real and personal estate so granted and conveyed as aforesaid up to and until the first day of April next, the same as given to her in and by the said last will and testament, at which said date of April 1, 1863, possession of said real and personal estate is to be given by the parties of the first part to the said party of the second part under this grant. It is understood that this grant is intended to convey all the estate and interest in said farm, belonging to the said parties of the first part, or to either of them, whether derived from said will or otherwise, excepting and reserving the use of the personal and real estate aforesaid, as herein above stated."

After the first day of April, 1863, the plaintiff claiming the articles in question under the foregoing clause in the deed, demanded them of the defendants, who refused to deliver them up, on the ground that they were exempt property and did not pass to the defendant Anna, under the will, nor

to the plaintiff, under the conveyance. And thereupon this action was brought to recover for their conversion.

On the trial it was held that the articles now in question did not pass to the plaintiff by the conveyance, but inasmuch as certain other articles were at the same time demanded and refused, which were not set apart for the widow, but passed to her by the will, a verdict was directed in favor of the plaintiff for their value, which was agreed to be $30. The plaintiff excepted to the holding of the court in regard to the articles now in question, and the exceptions were ordered to be heard in the first instance at general term.

The question, then, is, did this property pass to the plaintiff by the conveyance?

It is necessary, in order to determine this question, to examine the statutes under which the property was set off to the defendant Anna, and ascertain their effect. By the Revised Statutes, it is provided that when a man having a family shall die, leaving a widow, or a minor child or children, certain articles shall not be deemed assets, but shall be stated in the inventory without being appraised; that they shall remain in the possession of the widow, if there be one, during the time she shall live with and provide for the minor child or children; and when she shall cease so to do, she shall retain certain of the exempted articles, and the residue thereof shall then belong to the minor child or children; and "if there be a widow and no such minor child, then the said articles shall belong to such widow." (2 *R. S.* 83, §§ 9, 10, 1*st ed.*)

By the law of 1842, other property, to the value of not exceeding $150, is added to what was before exempted, and is to be set apart by the appraisers, in making the inventory, for the use of the widow and minor children, as under the Revised Statutes. (*Sess. Laws*, 1842, *ch.* 157, § 2.)

Under these statutes, the title of the widow to such exempted property, where there is no minor child, is absolute on the death of her husband, not only as against creditors

and next of kin, but as against legatees, subject only to the right of the administrator or executor, to take possession of the property for the purpose of including and stating it in the inventory. (*Fox* v. *Burns*, 12 *Barb.* 677. *Voelckner* v. *Hudson*, 1 *Sandf.* 215. *Sheldon* v. *Bliss*, 4 *Seld.* 31.) In the latter case, the husband of the plaintiff made his will, thereby giving her an annuity, and the residue of his property to other persons. The executors failed to set apart for the widow what the statutes allow her, but sold the whole estate, real and personal, and the court held that the proceeds of the sale of the personal property constituted a trust, in the hands of the executors, in favor of the widow, to the extent of her interest in or claim upon the property of the testator under the statutes ; thus, notwithanding the testator made other disposition of the property in question, affirming her right to it, under the statutes, as against the legatees as well as the creditors.

The effect of these statutes is, then, to give to the wives of persons owning personal property of the character specified therein, a contingent interest in so much thereof as the statutes specify, dependent only on their surviving their husbands, and the property remaining undisposed of by the husbands while living.

In the case at bar, although as to a portion of the testator's personal estate, the use of it passed to his widow during her life, under the will, the portion now in question did not. She held it independently of the will, as his widow, by virtue of the statute, and as a subject of bequest it formed no part of his estate. He could no more divest her of it by will, than he could of her dower in his real estate. This I regard as settled by the cases above cited. When, therefore, we find in the conveyance of the defendants to the plaintiff a transfer of "all the personal estate *given, devised* or *bequeathed* to her, the said Anna, in said last will and testament," we can not apply it to these articles, as they can not be deemed given, devised or bequeathed in the will. They

certainly did not pass to her by the bequest in the will, but by force of the statute, and in that sense, therefore, can not be said to be given, devised or bequeathed to her; and inasmuch as they were not the subject of devise or bequest by the testator, I do not think we can deem him to have included them by intent in the phrase, "all my estate both real and personal," as he must be deemed to have known that they were not included in effect. When he gave to his wife the use and profits of *all* his estate, both real and personal, for her support through her life, he meant *all* that he had power to dispose of, and the property now in question was not included, and this we must also deem the parties to the conveyance to have understood and intended. It has been held that the devise by a husband to his wife, of all his real property for her life, does not show an intent to deprive her of her dower, but her taking of the whole will be deemed a taking of one third as doweress, and two thirds as devisee. (*Lewis* v. *Smith,* 5 *Seld.* 502.) Much less should the bequest to her of the use of all his personal estate, during her life, be taken to show an intent to deprive her of the statutory allowance to her as widow. (*Sheldon* v. *Bliss, supra.*)

The construction of the transfer in question is made very clear by the following clause in the instrument: "It is understood that this grant is intended to convey all the estate and interest *in said farm,* belonging to the said parties of the first part, or to either of them, *whether derived from said will or otherwise.*" This must have been intended to operate on the widow's right of dower, and shows that the parties, in the prior descriptions of the property conveyed, had in mind such as *passed* by the will and not, as the plaintiff's counsel argue, distinctively the farm and personal estate of the testator; and this addition of an interest in the real estate, not derived from the will, shows an intent not to include in the transfer any interest in the personal property not derived from the will. *Expressio unius est exclusio alterius.*

The position of the plaintiff's counsel that the widow, by accepting the provision of the will in her favor, has renounced and can not now claim the statutory allowance, is answered by the cases already cited, and what has been said in regard to them. There is no incongruity in her holding both what the law and the will respectively give her.

The view already taken also answers the objection to the admission of evidence that the property in question was set off to the widow by the appraisers. This was not varying the provisions of the will or deed by parol evidence. The will and deed both, in effect, as we have already shown, excluded the exempt property. The will, in legal effect, gave to the widow for life all the personal property of the testator, except such as should be set apart by the appraisers for her, absolutely. Proof of what the appraisers set apart, therefore, was no contradiction or varying of the will, but operated in aid of its provisions.

I am not able to see any error in the rulings at the circuit, and am of the opinion that judgment should be given upon the verdict, and a new trial denied, with costs.

Ordered accordingly.

