# IN THE MATTER OF THE ESTATE OF WILLIAM H. SCOVILLE, DECEASED.

1. ADMINISTRATION OF ESTATES—WIDOW'S AWARD.—The function of fixing the amount of the widow's award is conferred upon, and the duty confided to the appraisers, and not to the probate or county court. For good cause shown, the court may set aside an appraisement bill, order another one made, or remove the appraisers, but has no power to modify the appraisement or estimate, and no power to substitute the judgment of the court for that of the appraisers.

2. SAME.—The widow's award becomes her sole and exclusive property forever, and the award once properly made and approved by the court can not be abrogated and a part thereof given to any other member of the family by the court.

APPEAL from the Circuit Court of Cook county; the Hon. JOHN G. ROGERS, Judge, presiding. Opinion filed December 16, 1886.

It appears that William H. Scoville died in this county in-

In the Matter of the Estate of W. H. Scoville.

testate, May 28, 1884, leaving Emma Scoville, his widow, and three children, as his only heirs at law, viz.: William H. Scoville, aged 33 years, George W. Scoville, aged 26 years, and Kate A. Scoville, aged 28 years, unmarried, and who, with said Emma Scoville, constituted the only members of the family of said intestate at the time of his decease; that June 11, 1884, letters of administration on the estate of said intestate were duly granted by the probate court to said George W. Scoville, who acted thereunder, and at the same time said court issued a warrant, pursuant to the statute, to three appraisers, to appraise the goods, chattels and personal estate of said intestate; that June 28, 1884, said appraisers made and duly certified their estimate of the value of the property allowed to said widow as her award, amounting in all to $1,110, and July 21, 1884, filed the same in said court, which the said court then and there approved. It appears that afterward, and September 16, 1884, the said court, on the application of the said Kate A. Scoville, entered an order, which, after reciting that the family of said intestate consisted, at the time of his death, of the said Emma Scoville, his widow, and said Kate A. Scoville, an unmarried daughter, that the amount allowed in said estate is $1,110, that the widow is the stepmother of said Kate A. Scoville, and that they can not live together amicably and share said award in common, ordered that said award be apportioned, and that the widow be allowed the sum of $710, and that the daughter be allowed the sum of $400, and that the administrator distribute said sums accordingly.

From that order the widow took an appeal to the circuit court, where, on a trial, without a showing of any other reason than that recited in the order, the latter was sustained, and she brings the case here by appeal, assigning such order for error.

Mr. F. W. S. BRAWLEY, for appellant.

Messrs. HAMLINE & SCOTT, for appellee.

MCALLISTER, P. J. By the order appealed from, the probate court assumed to reconstruct the widow's award which had been duly determined by the appraisers, pursuant to stat-

ute, and approved by the court in the previous month of July, by taking from it a large portion and giving it absolutely to the daughter of the intestate, for the ostensible reason that the appellant being the stepmother of the daughter, they could not live together amicably and share the award in common. There was no attempt, so far as the record shows, to impute any fault to appellant, other than the mere fact that she was stepmother, which is of little force as a reason.

We must therefore, as the matter comes to us, regard the making of the order in question as involving an assumption on the part of the probate court of a power, not only to change or modify a widow's award after it is made and certified to the court by the appraisers, pursuant to the statute, and formally approved by the court, but also a power of disposition of the money awarded, by taking it from the widow and bestowing it upon another, as the court may in its discretion deem proper. For if the court has the power to take four hundred dollars from an award of eleven hundred and ten dollars, and give it to another, why, the power being limited only by the discretion of the court, may not the latter take the whole from the widow and give it to some other member of the family of deceased?

We are of opinion that no such power is conferred upon the probate court by any provision of the statute in regard to the administration of estates, either expressly or by necessary implication. Section 74 of said statute provides that the widow, residing in this State, of a deceased husband, whose estate is administered upon here, whether such husband shall die testate or intestate, shall in all cases, in exclusion of debts, claims, charges, legacies and bequests, except funeral expenses, be allowed *as her sole and exclusive property forever*, the following, to wit: Then follows twelve specifications of articles and items, "which," the statute says, "shall be known as the widow's award; or the widow may, if she elect, take and receive in lieu of the foregoing, the same personal property, or money in place thereof, as is or may be exempt from execution or attachment against the head of a family residing with the same." 1 Starr & Cur. St. p. 223.

Section 75 then provides that "the appraisers shall make

In the Matter of the Estate of W. H. Scoville.

out and certify to the county court an estimate of the value of each of the several items of property allowed to the widow; and it shall be lawful for the widow to elect whether she will take the specific articles set apart to her, or take the amount thereof out of other personal property at the appraised value thereof, or whether she will take the amount thereof in money, or she may take a part in property and a part in money, as she may prefer, and in all such cases it shall be the duty of the executor or administrator to notify the widow as soon as such appraisement shall be made, and to set apart to her such articles of property, not exceeding the amount to which she may be entitled, and as she may prefer or select, within thirty days after written application may be made for that purpose by such widow.   *  *   When there is not property of the estate of the kinds mentioned in the preceding section, the appraisers may award the widow a gross sum in lieu thereof, except for family pictures, jewels and ornaments."

The above statutory exposition shows that the function of fixing the amount of the widow's award is conferred upon, and the duty confided to, the appraisers, and not to the probate or county court.   Such court might, in the exercise of its supervisory powers over the administration of estates, for sufficient cause shown, set aside an appraisement bill, or report of appraisers making out and certifying to the court an estimate of the value of items of property mentioned in the statute as the widow's award, and direct the appraisers to consider the subject again and make another appraisement or estimate; and for cause shown, the court may remove the appraisers and appoint others.   But the court has no power to revise and modify the appraisement bill, or appraisers' estimate, or substitute the judgment of the court for that of the appraisers, because the statute has conferred the power of making such estimate upon the appraisers and not upon the court.   Miller v. Miller, 82 Ill. 463.   The same doctrine is re-affirmed in Marshall v. Rose, 86 Ill. 374.

These cases are really decisive of that in hand, because what the court did, by the order appealed from, amounted to an assumption of power, on the part of the court, to revise and modify the appraisement bill and appraisers' estimate.

But there is a further view of the action of the court, which we think should be presented. By that order there was arbitrarily taken from the widow's award of eleven hundred and ten dollars the sum of four hundred dollars, and given to the daughter of the intestate.

Upon the death of the husband, the statute vested in the widow the title to the specific articles mentioned in section 74, as her sole and exclusive property forever: Kellogg v. Holly, 29 Ill. 437; York v. York, 38 Ill. 522, and by that section and section 75, she is vested with the same title to substituted articles or money comprising the widow's award. The award being her sole and exclusive property forever, there can be no support for the position that she holds it in trust for other members of the family of her deceased husband, and that view is clearly expressed in the opinion of the court by Mr. Justice Mulkey, in Weaver v. Weaver, 109 Ill. 229.

As matters stood at the time of the order appealed from, the appellant was vested with an absolute right in the award, and the money thereby payable belonged to her as her sole, exclusive property forever. This right having been conferred by statute, of course it would have been competent for the legislature to have prescribed a condition upon which the whole, or any part of the amount of the award, might become forfeited to some other member of the family of the deceased husband. Stepmotherhood might have been made such cause of forfeiture. In the absence of any such conditions, we are unable to perceive any reason why the widow does not hold her right of property in the widow's award, protected by the same legal sanctions as any other absolute rights of property are. We mean, of course, a widow's award, properly made and approved by the court, as this was.

We are of opinion that the probate court exceeded its just powers in making said order, and that the circuit court erred in sustaining it; wherefore the judgment of the circuit court will be reversed and the cause remanded, with directions to that court to enter judgment that said order be vacated and held for naught.

Judgment reversed.