Laws 1887, c. 630, § 13, provides that when a married woman shall die, leaving, her surviving, a husband, the same articles and personal property shall be set apart by the appraisers for his benefit as is now provided by law in the case of a man dying leaving a widow.    *Held,* that a provision of the will of a deceased wife in favor of her husband, giving him the use of the farm "for and during the term of his natural life," was not in lieu of the personal property to which he was entitled under the statute, when not so expressly declared in the will, and the appraisers should set apart such property to him.

Proceeding for the appraisement of the estate of Carrie W. Harris, deceased, Francis Harris, the husband of decedent, moves to compel the appraisers to set apart to him personal property to which he claims to be entitled under the statute.    Motion granted.

For decision rejecting a money claim of petitioner against the estate, see 14 N. Y. Supp. 940.

*M. J. Donovan,* for petitioner.    *N. Van Amee,* for executors.

COLEMAN, S.    The testatrix by her will gave to her sister, Addie N. Robins, all her household goods and furniture.    Her only provision in the will in fa-

vor of her husband is the following: "I give and devise to my husband, Francis Harris, the use for and during the term of his natural life of the said farm owned by me." Mrs. Harris died December 15, 1888, leaving her husband surviving her, but no children. At the taking of the inventory, the husband requested the executor to have the appraiser set apart to him the property which would have been set apart to a widow in the case of a man dying leaving a widow. This the executors refused to do. This motion is made to compel the executors and appraisers so to do. By chapter 630 of the Laws of 1887 it is provided, (section 13:) "When a married woman or widow shall die, leaving, her surviving, a husband or a minor child or children, the same articles and personal property shall be set apart by the appraisers for the benefit of such husband or minor child or children as is now provided by law in the case of a man dying and leaving a widow or minor children."

I find no adjudication directly upon this statute, but it would seem that the same rules of law are applicable as have been applied to the provisions in favor of widows. The provision for the husband in this will is not made, in terms, in lieu of any statutory rights he may have, and "it is an established principle that a provision in a will of a husband in favor of the wife will never be construed by implication to be in lieu of dower or any other interest in his estate given by law." *Sheldon* v. *Bliss*, 8 N. Y. 31, 35. So, too, it has been held that this class of property forms no part of the estate as a subject of bequest. The testator could no more divest his widow of it by will than he could her dower in real estate. *Vedder* v. *Saxton*, 46 Barb. 188; *Sheldon* v. *Bliss, supra.* By the statutes making provision for widows and minors, the language in each case is, "where a man leaving a family shall die." In such case it is therefore necessary to determine in every case whether there was a family. It has been held that a widow and a female relative living with the deceased at the time of his death constituted a family. By the statute of 1887, however, the words "leaving a family" are not used. It is therefore unnecessary to ascertain whether the husband alone could constitute a family. I am of opinion, therefore, that there is nothing in the will which deprives the husband of the rights given him by the statute of 1887, and that the appraisers should set apart for him the property mentioned in chapter 470 of the Laws of 1874, and by section 2 of chapter 157 of the Laws of 1842.