Ransom, S.
Application is made by the widow of decedent for a decree requiring the executor to set apart property, as prescribed by chapter 406, Laws of 1889.
The testator died leaving no real estate or interest in real estate, and by his will bequeathed all his personal property to his wife, the petitioner herein, except a certain mortgage of $1,000, which was bequeathed to his infant son.
By the inventory, which has been duly made and filed, it appears that the entire value of the personalty is about $1,200, including the mortgage above mentioned.
It is claimed by the petitioner ' that, in addition to the property bequeathed to her, the executor should set apart other property to the value of $850.
She evidently applies under section 1 of chapter 406, Laws of 1889; but this section applies only to cases of intestacy.
It amends chapter 2 of part 2 of the Revised Statutes, as amended by chapter 320 of the Laws of 1830, by making an additional section to said chapter, to be known as section 30, which is as follows : “If the intestate shall leave a widow and a descendant or descendants, then such widow, in addition to any interest to which she may be entitled under the preceding sections of said chapter 2, shall be entitled to the use, during her life, of an additional portion of the estate, not exceeding in value one thousand dollars ; and in case the intestate shall leave a widow and no descendant or descendants, then the widow shall be entitled to the absolute ownership, in fee, of such additional portion of the estate.”
I am of opinion that section 2 of the act of 1889 (supra), which amends chapter 157 of the Laws of 1842, is applicable to this case. It is as follows : “ Sec. 2. When a man, having a family, shall die, leaving a widow or minor child or children, then shall be inventoried by the appraisers, and set apart for the use of such widow and child or children, or *470 for the use of such child or children, in the manner now prescribed by the ninth section of title third, chapter sixth of part second of the Eevised Statutes, necessary household furniture, provisions, or other personal property, in the discretion of said appraisers, to the value of not exceeding $150, in addition to the articles of personal property now exempt from appraisal by said section. And in case the interest of a widow in the real estate of a deceased husband, in addition to her dower right, and together with said one hundred and fifty dollars, shall be of less value than one thousand dollars, then said appraisers shall set apart for the use of such widow, or for the use of such widow or child, and children, in the manner hereinbefore prescribed, personal property which, together with said real estate, shall amount to one thousand dollars in value. Said appraisers are authorized to make an appraisal of the real estate to which the widow may be entitled, for the purposes of this section. The provisions of this section shall apply where a man dies intestate, as well as where he leaves a last will and testament.”
The Eevised Statutes (part II, title 3, ch. 6, art. 1, § 9), as amended by the laws of 1874 (ch. 470), provide that certain personal property enumerated in the section shall not be deemed assets of a man dying and leaving a widow or a minor child or children, but shall be included and stated in the inventory of the estate without being appraised.
Under the Eevised Statutes (before their amendment in 1874) and the act of 1842, it was settled that the appraisers must set apart property to the value of $150 in addition to the articles specified as exempt (Sheldon v. Bliss, 8 N. Y. 31), and the exemption of “ household furniture which shall not exceed $150 in value,” added to the Eevised Statutes by the act of 1874, is in addition to that specified in the act of 1842 (Matter of Miller, 1 Law Bul. 48 ; Redf. Surr. Pr. 425). The act of 1874 in nowise repeals the act of 1842, but both must be read and construed together (Matter of Eisemann, 3 Dem. 72).
*471 The amendment of section 2 of the Laws of 1842 by the act 1889, relates to a case where the interest of a widow in the real estate of her deceased husband, in addition to her dower right, and together with the $150, shall be of less value than $1,000; then the appraisers shall set apart personal property, which together with said real estate, shall amount to $1,000 in. value.
I am of the opinion that this provision only applies where real estate is left; that it does not mean that where a man dies leaving no real estate, the appraisers shall set apart personal property to the value of $1,000 in addition to those articles enumerated in- the Revised Statutes, supra.
In other words, where a man dies leaving pei'sonal property only, the law is in precisely the same condition it was before the act of 1889 was passed.
By the inventory made and filed herein it appears that there is personal property which would come within the enumeration of articles exempted by the Revised Statutes, supra, this property, however, is bequeathed to the widow.
. Submit decree directing that the appraisers heretofore appointed shall inventory and set apart for the use of the widow and minor child, necessary household furniture, provisions, or other personal property, in their discretion, to the value of not exceeding one hundred and fifty dollars in addition to the articles of personal property now exempt from appraisal by Revised Statutes, part II., chap. VI., part 3, § 9.
Note on The Widow’s Reserved Assets in Administration.

The Statutes.

L. 1842, c. 157, § 2, provides as follows: When a man having a family, shall die, leaving a widow, or minor child or children, there shall be inventoried by the appraisers, and set apart for the use of such widow, or for the use of such widow and child or children, or for the use of such child or children, in the manner now prescribed by the ninth section of title third, chapter sixth, of part second of the Revised Statutes, necessary household furniture, provisions or other per *472 sonal property, in the discretion of said appraisers, to the value of not exceeding one hundred and fifty dollars, in addition to the articles of personal property now exempt from appraisal by said section.
2. Rev. Stat. p. 83, § 9. Whert. a man having a family, shall die, leaving a widow, or a minor child or children, the following articles shall not be deemed assets, but shall be included and stated in the inventory of the estate, without being appraised: 1: All spinning wheels, weaving looms, and stoves, put up, or kept for use by his family. 2. The family Bible, family pictures, and school books used by or in the family of such deceased person; and books, not exceeding in value fifty dollars, which were kept and used as part of the family library, before the decease of such person. 3. All sheep to the number of ten, with their fleeces, and the yarn and cloth manufactured from the same; one cow, two swine, and the pork of such swine. 4. All necessary wearing apparel, beds, bedsteads, and bedding; necessary cooking utensils; the clothing of the family; the clothes of a widow, and her ornaments proper for her station; one table, six chairs, six knives and forks, six plates, six teacups and saucers, one sugar-dish, one milk-pot, one teapot and six spoons.
The'act of 1874, c. 470, amended section 9 “to read as follows:” giving a larger list of articles than the original, and closing with the words, “ and also other household furniture which shall not exceed $150 in value.”
L. 1867, § 13. All articles and property set apart in accordance with law for the benefit of a widow, and a minor or minors, shall be and remain the sole personal property of such widow after such minor or minors shall have arrived at age.
L. 1889, c. 406, § 1, amends 1 R. S., c. 2, part 2, p. 750, (statute of descents) as amended by L. 1830, c. 320, and L. 1842, c. 157, by adding the provisions quoted in the opinion. Repealed April 23, 1890, by L. 1890, c. 173.

Notes of Oases.

Kelly v. Moore, 18 Abb. N. C. 468. Motion to amend decree of distribution in partition. Upon the official appraisement, no allowance was made to the widow beyond the household furniture. She claimed that under the statute she was entitled to the sum of $150 additional to the household property.—Held, that the exemption of household furniture not exceeding $150 in value, under act of 1874, c. 470, is in addition to that of the same amount under the act of 1842, c. 157, § 9. That the “ set-off ” might be in money.
Lyendecker v. Eisemann, 3 Dem. 72. Objections to account of of widow, as administratrix. Decedent left personal property to the amount of $2,000. The appraisers set apart for widow, articles not *473 exceeding in value §50, and §150 in cash. To this item the contestant objected.—Held, that where a decedent dies, leaving widow and minor children, the appraisers are authorized to set apart articles specified in L. 1842, c. 157, or the sum of §150, and in addition the articles specified in L. 1874, c. 470, and household furniture to the value of not exceeding §150.
Sheldon v. Bliss, 8 N. Y. 81, March, 1853. In making the inventory of the testator’s estate, no exemption was made of any articles which, by the Revised Statutes, are directed not to be appraised, nor any under L. 1842, c. 157, but all the personal property was appraised and sold at auction. Upon application by the widow, the surrogate decreed the executors to pay her the sum of §150 in lieu of her right to the exempt property.—Held, upon appeal, that the surrogate had power to decree the payment to the widow of a sum of money in lieu of the property exempted for her use. That the discretion vested in the appraisers under L. 1842, c. 157, has reference to the property to be set apart, and not to the amount, where the personal property of testator exceeds the sum of one hundred and fifty dollars.
Matter of Miller, 1 Month. L. Bul. 48, February, 1879. The spcci- . fled property and the sum of §150 allowed to be set apart by the appraisers, for the use of the family of the decedent, under the laws of 1874, c. 470, is in addition to the sum of §150 allowed by the law of 1842, c. 157.
Kapp v. Public Administrator, 2 Bradf. 258, January, 1853. Intestate died on his passage to this country, leaving a widow and minor children in Germany. He never gained a residence in this State, but the assets left on board the vessel came into possession of defendant. Nothing having been set apart in the inventory for the widow and children, and creditors having exhausted the whole estate, the widow applied for an order reforming the inventory in that respect.—Held, that the provisions of the statute directing certain articles to be set aside in the inventory for the benefit of the widow and minor children of the deceased, are not limited to cases where the deceased was a resident of the State. The articles are not assets, do not belong to the executor or administrator, and are not the subject of administration and distribution.
Matter of Frazer, 92 N. Y. 239; April, 1883. Distinguishing Peck v. Sherwood, 56 N. Y. 615. The testator, by his will, gave to his widow all his household property and the use of the dwelling-house during her life. Upon the appraisement, the appraisers set apart as exempt and for the use of the widow, a horse, phaeton and harness, of the value of §150, and such setting apart was approved by the surro *474 gate.—Held, upon appeal, that a gift of the household property did not preclude this allowance; that “other personal property” was available for the exemption and might be necessary.
Peck v. Sherwood, 56 N. Y. 615, February, 1874. Testator do-vised to his wife a life estate in his real property and in all his personal property, save a certain legacy coming to him from the estate of a relative. After his death, the widow remained in the dwelling-house enjoying the use of the personal property, and received §188 from the moneys of the estate.—Held, that she was not entitled to an allowance for forty days’ sustenance, nor to $150 for household furniture.
Young v. Hicks, 92 N. Y. 235. By an ante-nuptial agreement the woman covenanted that if, after marriage, the man died first, she would accept $1,500 “ in full satisfaction of her dower in his estate, and shall bar her from claiming the same, either in his real or personal estate.” The parties married and the husband died, having made provision by will as covenanted. The surrogate denied the application of the widow to compel the executor to set apart the articles given by the statute (2 R. S. 83, § 9).—Held, upon appeal affirming the decree of the surrogate, that the ante-nuptial agreement was valid and remained in full force after the marriage; that the intent was that the widow should take nothing from her husband’s estate; and that there being no children, she was not entitled to the specific articles given by the statute; that although not to be appraised, they were part of the estate, and she was estopped from claiming them.
Kain v. Fisher, 6 N. Y. 597, October, 597. At the time of testator’s death, his household consisted of his wife, a female relation whom he had supported for years, his mother, a housekeeper, two male and two female servants. Plaintiff denied the right of the widow' to certain household furniture set apart to her by the appraisers, claiming that testator did not leave a family within the meaning of 2 R. S. 83, § 9.— Held, that testator did leave á family within the meaning of the statute. That it appeared clearly from section 10 of tho statute, which declares that if there be a widow and no minor child, the articles exempted should be set apart to the widow.
Vedder v. Saxton, 46 Barb. 188, July, 1865. Testator devised and bequeathed to his wife the use and profits of all his estate, both real and personal, for her support through her life. After the death of the testator, certain property was set apart by the appraisers to the widow, as-exempt property, under the statute. Thereafter, the widow having married again, deeded to plaintiff certain real estate, and in such deed was invested the following clause: “And there is to pass to the said grantee all the personal estate given to the said” widow “in said last *475 will and testament.” Plaintiff sued to recover for the conversion of certain articles of personal property, including the property set apart to the widow as exempt, and which she refused to deliver over.—Held, that under the statutes (2 R. S. 83, §§ 9, 10; L. 1842, ch. 157, § 2) the title of the widow to such exempted property, where there is no minor child, is absolute, not only as against creditors and next of kin, but as against legatees, subject only to the right of the executor to take possession for the purpose of inventory. That the wives of persons owning property of that character, are vested with a contingent interest, dependent only on their surviving their husbands, and the property remaining undisposed of by the husbands while living. That the court will not deem a testator to have included such property by intent, in a clause of his will, giving to his wife the use and profits of all his estate, both real and personal, for her support through her life. That the widow does not, by accepting a provision in her husband’s will in her favor, renounce the statutory allowance.
Fox v. Burns, 12 Barb. 677, September, 1852. Testator, in his lifetime, executed the mortgage of a cow, the same remaining thereafter in his possession. By reason of the omission to file, within the provisions of a statute providing for the same, a copy of the mortgage with a statement of the interest passing thereunder, in the clerk’s office, the same became valid, as against a subsequent purchase in good. Upon testator’s death, there being no executor or administrator, his widow took possession of the cow, and subsequently sold the same to plaintiff. Defendant, claiming under the mortgage, took the cow away from plaintiff, who thereupon commenced the action for damages.—Held, that there being no minor children, the title to the cow, but for the mortgage, would have passed to the widow (2 R. S. 83, §§ 9, 10). That the widow may sell immediately, subject to the right of the executor to take possession for the purpose of inventory. That there being no executor or administrator, and plaintiff having purchased in good faith, he acquired the property in the cow.
Voelckner v. Hudson, N. Y. Super. Ct., January, 1848, 1 Sandf. 215. Defendant executor, a short time after testator’s death, removed from the house which testator’s widow was occupying, certain articles of furniture, etc., and carried the same away. The executor thereafter filed an inventory in which he inventoried as set apart for the widow, and not appraised, various articles pursuant to the Revised Statutes; and then set apart for the widow, pursuant to the act of 1842, other articles of furniture regularly appraised, and amounting to $142. Such setting apart was made from the articles taken from the house, as aforesaid. The widow sued defendant for trespass in removing the articles from *476 the house, claiming that she was entitled to have the same remain in her possession. She recovered upon the trial, but on appeal, reversing the judgment, and directing a non-suit.—Held, that the executor was entitled to take such articles into his custody, for the purpose of inventory, and that the widow could not maintain trespass for removing the same. That the widow has no right to any specific chattel, either under the Revised Statutes, or the act of 1842, until it has been inven- ' toried and set apart for her by the appraisers.
Scofield v. Scofield, 6 Hill, 642. Defendant was the widow and execturix of testator, and plaintiffs were his children. Defendant filed an inventory of the personal estate of the testator, in which the appraisers set apart certain specified articles of household furniture and other property, for the use of the widow and children; pursuant to the 2d section of the act of 1842. Thereafter, the children becoming dissatisfied with staying with their mother, their guardian demanded of defendant the property which had been set apart, together with that which is exempted by the Revised Statutes; and an action was commenced to recover the property. Plaintiffs recovered, but on appeal, granting a new trial,— Held, that the articles exempted are to remain in the widow’s possession so long as she is able and willing to keep up the family Circle, and provide suitably for the minor children; that if the children leave the widow during their minority, contrary to her wishes, and without her fault, she is entitled to the possession of the property until they arrive at full age, though they are provided for by another. The rule is the same, whether the widow be mother by nature, or only by marriage.
Applegate v. Cameron, 2 Bradf. 119. In making the inventory, the appraisers set apart for the use of the widow and minor children the articles of furniture declared not to be assets, and also other articles of furniture valued by them at $165. On the accounting, proof was offered that the appraisement was grossly incorrect; and one of the children moved that the widow and administratrix, should have a new appraisement made. The administratrix insisted that the duty assigned by the statute to the appraisers, vested in them absolutely.—Held, that the statute does not vest an absolute discretion in the appraisers, and that they cannot set apart property exceeding $150 in value. That if the appraisers neglect to set apart property for the widow and minor children, or made an erroneous valuation, the surrogate may direct the error to be rectified; that where articles were set apart, valued at a sum exceeding $150, the act was, on its face, a violation of the statute, and void.
Baucus v. Stover, 24 Hun, 109. Testator owned certain sheep and *477 their fleeces, and also some swine, jointly with his tenant farmer, one-half each. The appraisers did not set off to the widow, sheep or their fleeces, or any swine.—Held, on appeal from a decree of the surrogate upon the final accounting, that statute, authorizing the setting apart of sheep and swine to the widow (2 R. S. 83, § 9) only applies where deceased has such an ownership and,possession of them at the time of the making of the inventory as will permit of their delivery to the widow ; when he has but a half interest therein, they cannot be delivered to her, nor can any allowance be made therefor.
Cornwell x. Deck, 2 Redf. 87. On the final accounting of the widow and administratrix, it appeared from the inventory that the appraisers did not set ofí and allow to the administratrix, as widow, the §150 to which she was entitled by law, and she thereupon claimed the exemption.—Held, that the widow could not, on the accounting, be allowed for the articles which she might, as widow, have claimed to be exempt in her favor, on making the inventory, if they were not so allowed. If the claim of exemption at the proper time was omitted, the remedy was by a special application to correct it, on notice to the creditors and next of kin.