(55 App. Div. 433.)

CRAWFORD v. NASSOY.

(Supreme Court, Appellate Division, Fourth Department. November 20, 1900.)

1. EXEMPTIONS—RIGHTS OF WIDOW—ACTION AGAINST ADMINISTRATOR FOR CONVERSION OF EXEMPT PROPERTY.

    A complaint which alleges that a decedent died, leaving no minor children, and no property except the sum of $110 cash, a watch or two, a little wearing apparel, and household property not exceeding in value $40, the entire estate not being of value in excess of $150, is not sufficient to sustain an action of conversion by the widow against the administrator for such exempt property under Code Civ. Proc. § 2713, providing that necessary wearing apparel, family clothing, household furniture, and other specified articles, not exceeding $150 in value, shall not be assets of the estate, but shall remain in the hands of the widow, and, if there be no minor children, that all the property named shall belong to the widow; since from the complaint it does not appear that the wearing apparel was necessary to the widow's use, or that it was the clothing of the family, and it is not alleged that the household property was household furniture, so as to bring it within the language of the statute.

2. SAME.

    Code Civ. Proc. § 2713, provides that certain property specified shall not be appraised or deemed assets of the estate, but shall be left in the possession of the widow, and, if there be no minor child, the property mentioned shall belong to the widow. *Held*, that the question of whether certain property falls within the meaning of such section cannot be determined in an action against the administrator for its conversion, it being a question for the determination of the appraisers in the first instance, subject to review by the surrogate.

    Williams, J., dissenting.

Appeal from special term, Erie county.

Action by Polly Lavina Crawford against Eugene Nassoy. From a judgment dismissing the complaint, plaintiff appeals. Affirmed.

Appeal by plaintiff from a final judgment entered in the clerk's office of Erie county on the 26th day of June, 1900, pursuant to a decision sustaining a demurrer to the complaint and directing a dismissal thereof. The complaint alleges that plaintiff is the widow of Alfred Crawford, who died in-

testate on the 16th day of February, 1898, leaving no minor child him surviving, and no property "except the sum of about $110 cash in bank in the city of Buffalo, and a watch or two, a little wearing apparel, and household property not exceeding in value $40, and the entire estate left by him did not exceed in value the sum of $150," of which she became the sole owner and entitled to possession upon his death; that defendant, upon his own petition, which omitted plaintiff's name, has procured from the surrogate's court of Erie county letters of administration to be issued to himself upon the estate of said decedent, without the issue of any citation or waiver thereof by plaintiff, and without her knowledge or consent; that thereupon defendant drew said money from the bank, took possession of all the personal property, and wrongfully and unlawfully converted the same to his own use; and that more than three months have elapsed since letters were issued, and he has failed, neglected, and refused to make or file an inventory, although requested so to do, and has failed, neglected, and refused, upon demand duly made, to deliver said money and property to plaintiff, and has expended and disposed thereof. The grounds of the demurrer are (1) that the court has not jurisdiction of the person, (2) or of the subject-matter, (3) that the complaint does not state facts sufficient to constitute a cause of action, and (4) that plaintiff has not a legal capacity to sue.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and LAUGHLIN, JJ.

Ernest F. Kruse, for appellant.
George W. Wheeler, for respondent.

LAUGHLIN, J. This is an action for conversion, and, unlike a suit in equity, it can be maintained if plaintiff is the owner and entitled to the immediate possession of the property, notwithstanding that there may be another adequate remedy. Under the complaint the only theory on which plaintiff can claim ownership of the property or the right to possession thereof is by virtue of the provisions of section 2713 of the Code of Civil Procedure. So far as material here, that section provides as follows:

"If a man having a family die, leaving a widow or minor child or children, the following articles shall not be deemed assets, but must be included and stated in the inventory of the estate without being appraised: * * * 4. All necessary wearing apparel, beds, bedsteads and bedding, necessary cooking utensils, the clothing of the family, the clothes of the widow and her ornaments proper for her station, one table, six chairs, twelve knives and forks, twelve plates, twelve tea cups and saucers, one sugar dish, one milkpot, one tea-pot, and twelve spoons, and other household furniture not exceeding one hundred and fifty dollars in value. 5. Other necessary household furniture, provisions or other personal property, in the discretion of the appraisers, to the value of not exceeding one hundred and fifty dollars. Such articles and property shall remain in the possession of the widow, if there be one, during the time she lives with and provides for such minor child or children. If she ceases so to do, she shall be allowed to retain as her own, her wearing apparel, her ornaments and one bed, bedstead and the bedding for the same, and the property specified in subdivision five; and the other articles so exempted shall then belong to such minor child or children. If she lives with and provides for such minor child or children until it or they become of full age, all the articles and property in this section mentioned shall belong to the widow. If there be a widow and no minor child, all the articles and property in this section mentioned shall belong to the widow."

Where, as here, there is no minor child, it will be observed that, if certain articles and property are left by a decedent, the widow takes title absolutely by the express terms of the statute, and no discretion

remains to be exercised by the appraisers. As to such property the administrator and appraisers are only entitled to reasonable, temporary possession or opportunity for inspection to enable them to enumerate the same in the inventory. An action for conversion of property of this class will doubtless lie against the administrator individually or in his official capacity if he converts such property to his own use, sells the same, or declines to deliver the property to the widow after demand and a reasonable opportunity to inventory the same. Fox v. Burns, 12 Barb. 677; Kapp v. Public Adm'r, 2 Bradf. Sur. 258; Vedder v. Saxton, 46 Barb. 188; Morris v. Morris, 9 Heisk. 814; Grafton v. Smith, 66 Miss. 408, 6 South. 209; Kellogg v.. Holly, 29 Ill. 437; York v. York, 38 Ill. 522; In re Scoville, 20 Ill.. App. 426; Kellogg v. Graves, 5 Ind. 509; Carter v. Hinkle, 13 Ala. 529; In re Weir's Estate, 28 Wkly. Notes Cas. 268; Curd's Adm'r v. Curd, 9 Humph. 171; De Valengin's Adm'r v. Duffy, 14 Pet. 282,. 10 L. Ed. 457; Conger v. Atwood, 28 Ohio St. 134. Strictly speaking, there is no item of this class of property specified in the complaint. It is not alleged that the "wearing apparel" was "necessary" to the widow's use, or that it was "the clothing of the family." Nor is it alleged that the "household property" was "household furniture." This, it may be conceded, is a somewhat technical construction of the complaint, and might not be indulged in were the complaint otherwise meritorious. Where there is more personal property than the widow's exemptions, the appraisers are vested with discretion as to what property shall be set apart for her, and the limitation on the value of the property to be set apart to the widow necessarily incidentally requires the appraisers to estimate its value. Their determination in this regard may be reviewed by the surrogate, but it would be contrary to the scheme of the statute, prejudicial to the rights of creditors and those interested in the estate, and against public policy to have such determination reviewed collaterally, or the question tried in an action for conversion. Code Civ. Proc. § 2724; In re Harris' Estate (Sur.) 20 N. Y. Supp. 68; In re Shedd (Sup.) 14 N. Y. Supp. 841; Lyendecker v. Eisemann, 3 Dem. Sur. 72; Applegate v.. Cameron, 2 Bradf. Sur. 119; Kain v. Fisher, 6 N. Y. 597; In re Durscheidt (Sup.) 19 N. Y. Supp. 973; In re Frazer, 92 N. Y. 239; Wally v. Wally, 41 Miss. 657; Sawyer v. Sawyer, 28 Vt. 249. The same considerations lead to the conclusion that an action for conversion will not lie in such case on an allegation that the value of the personal property was less than $150. If the property is not such that it goes to the widow regardless of its value, the appraisers and surrogate's court are the authorities designated by law to determine and decide upon its value, and not a jury in a court of law. It may well be that, after the inventory is made, conversion would lie for a refusal on the part of the administrator to deliver the specific property specially set apart to the widow, notwithstanding the remedy prescribed by section 2724 of the Code of Civil Procedure; but it is. not necessary to decide that question now. Kapp v. Public Adm'r, 2 Bradf. Sur. 258; Drew v. Gordon, 13 Allen, 120.

It follows that the judgment appealed from should. be affirmed, with costs.

ADAMS, P. J., and McLENNAN, J., concur in result. WILLIAMS, J., dissents.

SPRING, J. (concurring). The allegations contained in the complaint must be taken as true, as they arise on a demurrer. The complaint alleges the appointment of the defendant as administrator, and his taking of the property. It is a fair deduction from the pleading that he acquired possession by virtue of the letters of administration issued to him. The complaint charged that he came into possession of the property "wrongfully and unlawfully," but that means that he was appointed administrator improperly and illegally, and consequently his title to the property was unlawfully acquired. The manner in which he became administrator cannot be assailed in this action. The surrogate's court which granted the letters can revoke them for cause. The power rests with that court. The complaint also avers that the entire property left by the decedent does not exceed $150. It enumerates in a general way of what this property consisted, the greater part of it being money. While the complaint alleges that the entire property does not exceed $150 in value, that allegation is the statement of the plaintiff, and not of the appraisers. It is the duty of the administrator to take possession of the decedent's personal property. That which, by the statute of exemptions, belongs to the widow, must also come within his custody temporarily, in order that the appraisers may include it in the inventory. The widow may have lived apart from her husband, and the preservation of the property requires that some one assume control over it. If there are cows, a selection must be made from among the number, and this necessary separation of the property is made by the appraisers. If there is money, he must become possessed of that. If it is deposited with a bank, the depositary would not be warranted in handing it over to the widow, at least until her title to the specific money has become fixed by the appraisal. If the amount deposited were $125, she could not, without an inventory setting it apart to her, demand the money, although it was all the property left by her deceased husband. The bank, relying solely upon her statement that there was no other property, would not be justified in delivering it to her. The bank could require the evidence of her right to the money, and the only provision for that ascertainment is by an inventory pursuant to an order of the surrogate's court. On the other hand, if the administrator presented his letters to the bank, he could compel it to deliver the money to him, as his letters are his warrant for acquiring possession of the property of the decedent. The scheme by which the widow's title is secured to her is provided by the Code (section 2713), and nowhere else. When the appraisers have once set apart the property, it belongs to the widow. The separation provided for has been made, and her ownership becomes definite. If no inventory has been taken, one can be compelled. It is alleged in the complaint in this case that the property "has been disposed of and expended by defendant," and hence an inventory would be fruitless. If so, the plaintiff is not remediless. Section 2724, Code Civ. Proc., affords

ample remedy for that precise case. The complaint avers that the property consisted of $110 cash, "a watch or two," in addition to household property, and that the entire value does not exceed $150. This method of ascertaining the value substitutes the plaintiff for the appraisers. They might have estimated the value of "the watch or two" in excess of the $150 limit. It rests with them to determine the worth of the property to make up the $150 which is to pass to the widow under this subdivision. Again, it is essential that an administrator be appointed and chosen, in order that an inventory may be taken. Suppose it develops that the entire property of the decedent, aside from the enumerated articles and household furniture, is $150. The expense of the appointment of the administrator and the taking of the appraisal amounted to $10. Who is to pay this necessary expense? While this property is not treated as among the assets of the decedent, the appointment of the administrator and of the appraisers is the only means by which her title can be legally established. Can her exempt property be made chargeable with the payment of an expense which is incurred perhaps solely for her benefit? If so, conversion will not lie in this case, for defendant is lawfully in custody of the property, and cannot be compelled to give it up until these expenses are paid. Irrespective of this suggestion, however, the surrogate's court has entertained jurisdiction, and it should retain it, rather than that the estate of the decedent should be subjected to the expense of an action which is unnecessary.